J-A35045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| D.B., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| E.B., | |
| Appellee | No. 1063 WDA 2014 |

Appeal from the Order June 3, 2014
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD04-008554-009

BEFORE:  BENDER, P.J.E., BOWES, and DONOHUE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 20, 2015**

D.B. ("Father") appeals the custody order denying his petition for special relief and granting E.B. ("Mother") legal custody to decide whether to enroll their twelve-year-old-daughter, K.B., in the Plum Borough School District.  We affirm the trial court's denial of special relief and selection of the Plum Borough School District, and we remand with directions.

Mother and Father married on April 15, 2000 and divorced on March 24, 2005.  K.B. was born of the marriage during October 2002.  After the marriage dissolved, the parties shared legal custody and maintained equal physical custody.  However, during October 2008, following several years of custody litigation, the parties entered a consent order wherein they agreed that Father would maintain primary physical custody approximately two-thirds of the time during the academic year and the parties would share

custody equally during the summer. They continued to share legal custody. The agreement also provided that K.B. would remain in the Plum Borough School District until "both parents agree to change her to a different school district" and specified that K.B. would attend Center Elementary School "until both parents agree on a different elementary school." *See* Consent Order, 10/24/08.

Father currently resides in Penn Hills and utilizes KinderCare to transport K.B. to elementary school in Plum Borough on mornings that he has custody. At some point prior to January 2014, Father desired to move to the North Allegheny School District and, in anticipation of his contemplated move, he filed a motion for special relief seeking authorization to transfer K.B. from the Plum Borough School District to the North Allegheny School District.[1] Following a hearing, the trial court denied

_____

[1] Although it is not before this Court, we are constrained to stress our disapproval of Father's decision to file a motion for special relief seeking authority to transfer K.B. to the North Allegheny School District rather than issuing notice of a proposed relocation from Penn Hills to an unspecified location within the North Allegheny School District pursuant 23 Pa.C.S. § 5337(c). This decision and the trial court's apparent imprimatur is particularly suspect in light of the fact that Father's chief complaint on appeal is that the trial court failed to engage in a statutory analysis of K.B.'s best interest. Had Father complied with § 5337, the trial court would have addressed the relevant factors, at least as they pertain to the proposed relocation. We observe that Father specifically disclaimed that his proposed move constituted a relocation "because it is not affecting mom's custody time." *See* N.T., 6/2/14, at 30, 32. However, he subsequently acknowledged that, if the transfer was permitted, the parties would have to amend the custody schedule to significantly reduce Mother's periods of physical custody during the school week. The interference of the
*(Footnote Continued Next Page)*

Father's petition for special relief and granted Mother authority to make the determination.  This timely appeal followed.  Father complied with Pa.R.A.P. 1925(a)(2)(i) by filing a concise statement of errors complained of on appeal simultaneously with his notice of appeal.

On appeal, Father asserts three questions for our review.

1.    Whether the trial court erred in granting mother the authority to select the child's school — where the evidence would only support a finding that mother does not meet the child's needs and that mother fails to participate in the child's activities and homework and fails to properly co-parent with father regarding the child — which grant of authority was therefore not in child's best interests[.]

2.    Whether the trial court erred by not giving appropriate weight to father as primary custodian and the impact that denial of his petition for school choice would have on the minor child as of the next school year when significant changes occur affecting the minor child and father[.]

3.    Whether the trial court's failure to permit Father to change the child's school was error based upon the child's best interests and circumstances arising next school year impacting the child and father.

Father's brief at 6.

*(Footnote Continued)* ⸺⸺⸺⸺⸺⸺⸺

noncustodial parent's continued right of physical custody is the definition of relocation.  ***See***  23 Pa.C.S. § 5322 (defining relocation as "[a] change in a residence of the child which significantly impairs the ability of a nonrelocating party to exercise custodial rights."); ***C.M.K. v. K.E.M.***, 45 A.3d 417 (Pa.Super. 2012) (as proposed move would significantly impair nonrelocating parent's ability to exercise custodial rights, move constituted relocation within meaning of Child Custody Act).  At any rate, as of the date of the oral argument, Father continued to reside in Penn Hills and had no specific plans to relocate.

We review the trial court's custody order for an abuse of discretion. **S.W.D. v. S.A.R.,** 96 A.3d 396, 400 (Pa.Super. 2014). We defer to the trial court's factual findings that are supported by the record and its credibility determinations. **Id**. This Court will accept the trial court's conclusion unless it is tantamount to legal error or unreasonable in light of the factual findings. **Id**.

Father's first argument has procedural and substantive components. Initially, relying upon our discussion in **S.W.D.**, **supra**, Father asserts that the trial court erred in granting Mother legal custody to choose the school district for her daughter to attend without first considering each of the custody factors enumerated in 23 Pa.C.S. § 5328(a). The substantive aspect of Father's argument assails the merits of the court's decision to deny Father's request to transfer K.B. to the North Allegheny School District. We address the two components *seriatim*.

Father contends that the trial court's determination in this case was tantamount to an award of a form of legal custody. He asserts that pursuant to our reasoning in **S.W.D.**, the matter should be remanded for the court's consideration of the custody factors pursuant to § 5328(a). In **S.W.D.**, which this Court filed approximately one month after the trial court entered the order in the case at bar, we addressed a custody order that, *inter alia*, denied a father's request for special relief seeking to change the location of his child's kindergarten. Specifically, the father asked the trial court to approve his choice of school. Following a hearing, the trial court denied the

petition for special relief and directed that the child attend the school that the mother preferred.

As it relates to the issue that is relevant herein, we determined in *S.W.D.* that since the trial court simply decided the school that the child should attend, the court was not required to consider the factors enumerated in § 5328(a) to determine the child's best interest. We explained, "when read as a whole, it is apparent that the § 5328(a) factors were designed to guide the best interest analysis when a trial court is ordering which party has the **right** to a form of custody." *Id*. at 403 (emphasis in original). However, we concluded that remand was not warranted in that case because the trial court did not alter either parent's form of legal custody. Instead, the court acted as an arbiter and selected the school that the child would attend. We reasoned, "the court's decision here merely resolved an impasse between the parties who shared the legal right to make this decision. Stated another way, the trial court merely arbitrated a dispute between Mother and Father regarding schooling, instead of granting one of them the right to make that decision." *Id*. at 403.

Although we did not specifically address the inverse scenario that would require a trial court to engage in a developed consideration of the statutory factors, our discussion in *S.W.D.* established the framework to determine whether that consideration was necessary. We opined, where the court "alter[s] the custody regime" by conferring upon one parent the sole

right to select the child's school, it changes that party's right to a form of legal custody. *Id*. at 403-404.

Thus, pursuant to **S.W.D.**, whether the trial court in the instant case erred in failing to consider the § 5328(a) factors prior to ruling on Father's petition necessarily depends upon the nature of the court's decision. To the extent that the trial court granted a form of custody by empowering one parent the sole right to select K.B.'s school district, the trial court was required to engage in the § 5328(a) analysis.

In its entirety, the relevant order provides as follows:

> AND NOW, this 3rd day of June, 2014, after a hearing on Defendant's Petition regarding modification of legal custody with respect to school choice ONLY, it is hereby ORDERED, ADJUDGED, and DECREED that the parties shall continue to share legal custody of their minor child, but Mother shall have the authority to select the school in which the minor child, [K.B.], shall be enrolled. Based on the testimony and evidence presented, this Court is confident that Mother's primary goal is to obtain the best education possible for her child. The Court is also confident that Mother will actively oversee, monitor, and participate in all facets of the child's education and ensure that she is taking advantage of every available opportunity. This determination does not mean that Father is less concerned with the child's education. The Court also believes that if Mother determines that her choice of schools or evaluation of schools was flawed or erroneous, she will reevaluate her decision accordingly. Finally, the Court is confident that Mother will encourage and solicit Father's input and participation in all facets of the child's education.

Trial Court Order, 6/3/14. Additionally, prior to leveling its decision, the trial court stated in open court, "I'm not going to pick a school, I'm going to pick a parent [and he or she can choose the school]." N.T., 6/2/14, at 31. As

noted, the trial court did not perform a best interest determination involving the statutory factors outlined in § 5328(a). Thus, at least initially, it appears that the § 5328(a) analysis was warranted herein.

Following Father's notice of appeal, however, the trial court issued a Rule 1925(a) opinion that acknowledged the potential implication of our discussion in *S.W.D.* on its limited modification of legal custody. Therein, with the guidance and assistance of the *S.W.D.* court's rationale, the trial court clarified, "Although the June 2, 2014 Order *sub judice* gave Mother legal custody to choose K.B.'s school, the effect was a judicial choice of Plum over North Allegheny." Rule 1925(a) Opinion, at 9 n.4. Additionally, the Court proposed that upon regaining jurisdiction from this Court, it would amend the order to state that "K.B. shall remain in the Plum School District, but revoking the provisions giving Mother sole legal custody to select K.B.'s school in the future." *Id*.

Father contends that the trial court's *post-hoc* explanation in the Rule 1925(a) was "logically unsupportable [because] **any** order awarding legal custody vis-à-vis school choice can be said to have been a 'judicial choice' of one school district over another." Father's brief at 15 (emphasis in original). He continued that the court's purported clarification dulls the *S.W.D.* court's "careful distinction between picking schools and picking parents [to make the determination] into a distinction without a difference." *Id*. He stresses that qualitative differences exist between

acting as an arbiter resolving an impasse between parents and selecting which parent has the right to decide the issue unilaterally. While we reject Father's contentions regarding the effect of the trial court's decision, we agree with the premise that the trial court order did not simply select a school district but actually empowered Mother to decide which school that K.B. would attend. We also agree that the court's decision to elevate Mother's shared legal custody over Father's, at least to the limited extent of deciding which school to attend, was in essence an order determining which party had the right of legal custody relating to that decision.

It is axiomatic that where a conflict exists between a trial court's order and its subsequent rationale set forth in a Rule 1925(a) opinion, the terms of the order control. Instantly, the express terms of the trial court's order direct that "Mother shall have the authority to select the school in which the minor child . . . shall be enrolled." Similarly, the court specifically expressed during the evidentiary hearing that it was not going to choose a school, but rather it intended to choose a parent to make the decision. These facts establish that, without the benefit of our reasoning

in **S.W.D.**, the court augmented Mother's otherwise equal right to legal custody, albeit limited to deciding what school K.B. was going to attend.[2]

In contrast to the foregoing scenario, to the extent that the trial court intended to select one of two opposing school districts, a decision that it undoubtedly was authorized to make, it was relieved from addressing each of the § 5328(a) factors. However, the only support for finding that the order in the present case was not a limited enhancement of Mother's legal custody is the trial court's after-the-fact explanation. Therein lies the rub. Although the trial court opinion convincingly framed the nature of its decision as a simple selection of one school district over another, the order did not declare that intent or accurately reflect the tenor of the court's *post hoc* rationale.

For the reasons discussed *infra*, we find that a mechanical application of **S.W.D.** is not warranted in this case. First, despite the timing of the trial court's explanation, we have no reason to doubt the trial court's contention that it simply intended to select the Plum Borough

---

[2] Moreover, aspects of the trial court's initial rationale conflict with its after-the-fact clarification provided in the Rule 1925(b) statement. Specifically, the trial court initially justified the order, in part, by stating its belief that: (1) Mother's primary goal is to obtain the best education possible for K.B.; (2) Mother is engaged in all facets of her daughter's education; (3) would reevaluate her decision if it proved flawed; and (4) encourage and solicit Father's input in deciding which district to select. **See** Trial Court Order, 6/3/14. While these factors explain why Mother is suited to choose which school K.B. should attend, they are all irrelevant to the trial court's selection of one school district over the other.

School District over North Allegheny. Indeed, remanding the matter in order for the trial court to reiterate its obvious selection of the Plum Borough School District would be a monument to judicial inefficiency. Furthermore, cognizant that the trial court order preceded our reasoning in **S.W.D.** by approximately one month, we are reluctant to construe the court's actions as intentionally awarding Mother a form of legal custody that would require a comprehensive § 5328(a) analysis, but nevertheless refusing to engage in the necessary consideration. Stated simply, we are persuaded by the court's explanation that it concluded that continuing in the Plum Borough School District was in K.B.'s best interest and that it merely approved Mother's expected decision to keep K.B. in her home district. Semantics aside, once the court fashioned an order in favor of Mother's preference, *i.e.*, the Plum Borough School District, the rest of the court's discussion in the order was surplus. It is evident from the trial court's explanation that it did not intend to award Mother a form of legal custody. As we have no reason to doubt the trial court's declaration of its intention, we will not disturb it. Thus, for all of the foregoing reasons, and despite Father's strenuous opposition, we decline to vacate the order and remand the case for the court's consideration of the statutory factors.

Nevertheless, in light of the unmistakable dichotomy between the trial court's order and the subsequent expression of its actual intent in the Rule 1925(a) opinion, and mindful of the court's specific request to resolve

that inconsistency upon the restoration of its jurisdiction, we direct the trial court upon remand to amend the June 3, 2014 order to make unequivocally clear that **it** selected the Plum Borough School District over North Allegheny School District and to strike any language that could be construed as awarding Mother a right to a form of legal custody that she did not otherwise possess.

Having declined to vacate the underlying order, we next address Father's argument challenging the merits of the trial court's selection. Specifically, Father assails the court's conclusion that attending the Plum Borough School District was in K.B.'s best interest. For the following reasons, Father's claim fails.

In rejecting Father's petition to transfer K.B. to the North Allegheny School District, the trial court reasoned that even though Father presented evidence in favor of the North Allegheny School District, it was overwhelmingly in the child's best interest to avoid altering the custody schedule unnecessarily and to remain in the school district that she preferred, which included her network of friends and provided the extracurricular activities that she enjoys. The court explained,

> Based upon the facts presented, this Court believes that it would be in K.B.'s best interest for Mother to choose K.B.'s school district. Specifically, K.B. has attended school in Plum for the past six years and is involved in many extracurricular programs there. She has excelled in Plum, she has excellent grades in school, and she has many friends there. Additionally, the proposed move would have a significant impact on K.B.'s commute. The time it would take to commute from Plum to

North Allegheny would be a great burden on Mother and K.B. on the school days that K.B. is in Mother's custody. Lastly, the parties credibly testified that it is K.B.'s strong desire to remain in Plum. Based on these factors, the Court believes that the status quo is in K.B.'s best interest. Because Mother wishes to keep the status quo in place by keeping K.B. in Plum, Mother was awarded the right to choose K.B.'s school.

This Court recognizes that Father has custody of K.B. the majority of the time during the school year and that this must be given consideration. **See Fox v. Garzilli**, 875 A.2d 1104, 1108 (Pa.Super. 2005). This Court is also cognizant that there are factors in favor of granting Father legal custody to select K.B.'s school. However, the Court finds that, based upon the record, it is overwhelmingly in K.B.'s best interests to remain in school in Plum and therefore keeping the physical custody arrangement unchanged.

Trial Court Opinion, 8/4/14, at 8-9 (footnote omitted).

The certified record sustains the trial court's determination. During the evidentiary hearing, Father testified that K.B. has attended the Plum Borough School District since kindergarten, a total of six years, and that she has consistently earned excellent grades. N.T., 6/2/14, at 74. He also indicated that K.B. has several friends in that school district, participates in Girl Scouts, violin lessons, and bowling, and goes horseback riding. *Id*. at 40-41, 80, 81-82. Finally, Father concedes that K.B. does not want to move to the North Allegheny School District and prefers to maintain the status quo. *Id*. at 57-58, 75, 84.

Mother's testimony during the hearing regarding K.B.'s grades, activities, and preference to remain in the Plum Borough School District were consistent with Father's evidence; however, she added that K.B.

enjoys swimming as well. *Id*. at 99-100, 108, 111. Mother also discussed the long commute that she and K.B. would have to endure if Father were permitted to transfer K.B. to the North Allegheny School District. She explained that it would take her one to two hours for her to travel from her residence in Plum Borough to the North Allegheny campus and then to her place of work in the Oakland section of Pittsburgh by 7:30 a.m. *Id*. at 101. She highlighted that the weekday commute would require K.B. to wake up as early as 4:30 a.m. *Id*. She also noted that Father's proposed adjustment to the custody schedule in order to alleviate the taxing commute would, in reality, reduce Mother's custodial periods during the academic year, a consequence that K.B. rebuffed. *Id*. at 109.

The foregoing evidence supports the trial court's justification for denying Father's petition. While Father presented evidence that several of K.B.'s favorite activities are also available in the North Allegheny School District, that fact does not render the trial court's determination unreasonable. Instantly, Father's argument against the trial court's findings essentially request that we ignore our standard of review and reweigh the evidence and make a determination in his favor. We must decline. *See M.J.M. v. M.L.G.*, 63 A.3d 331, 334 (Pa.Super. 2013) ("We must accept findings of the trial court that are supported by competent evidence of record. . . . Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record.").

Accordingly, having found that the certified record sustains the trial court's findings of fact and its legal determinations are sound, there is no basis to disturb the court's decision to deny Father's petition for special relief seeking permission to transfer K.B. to the North Allegheny School District.

Father's remaining complaints allege that the trial court failed to appreciate the significance of his role as the primary custodian or the beneficial impact of the proposed move on K.B. These claims also fail.

Despite Father's protestations, the trial court, in fact, acknowledged that Father maintained primary physical custody of K.B. during the academic year. *See* Trial Court Opinion, 8/4/14, at 9 It also recognized that certain factors, such as the respective operating budgets and standardized test scores, favored transferring K.B. to the North Allegheny School District. *Id*. Additionally, the court observed that the parties' current reliance upon KinderCare to bus K.B. from Penn Hills to neighboring Plum Borough School District would terminate after the child's thirteenth birthday and alternative transportation arrangements would be required next year regardless of which school district the child attends. *Id*. at n.3. Nevertheless, despite these concerns, the trial court determined the foregoing factors did not outweigh the benefits associated with K.B. remaining in the Plum Borough School District—the district that the child attended since kindergarten and where she desires to remain.

As we previously explained, since the certified record sustains the trial court's best-interest analysis, we will not intrude on that court's exercise of discretion in order to emphasize the facets of this case that inure to Father's benefit.

Finally, Father engages in a speculative § 5328(a) analysis to justify his position that, "If the trial court had analyzed this case through the prism of the statutory factors, . . . those factors would only have supported a grant of legal custody to Father of school choice-making responsibility." Father's brief at 28-29. As we previously stated, a comprehensive analysis of each of the factors enumerated in § 5328(a) is unnecessary in this case. Hence, we reject as superfluous Father's self-serving exploration of the statutory factors through the skewed prism of his subjective perspective. Additionally, assuming *arguendo*, that the § 5328(a) analysis was required in this case, as an appellate court, we would not engage in the necessary considerations in the first instance on appeal. Under that scenario, the determination remains within the province of the trial court who weighed the countervailing evidence and made the credibility determinations. Thus, Father's invocation of § 5328(a), in an attempt to persuade us that those factors favored granting him permission to transfer K.B. to North Allegheny School District, is ineffective.

For all of the foregoing reasons, we affirm the trial court's decision to deny Father's motion for special relief and its determination that K.B. will continue to attend school in the Plum Borough School District. We direct the trial court to amend the order to strike any references that could be construed as awarding Mother an additional right of legal custody.

Order affirmed. Case remanded with directions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2015