J-S47031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| B.K., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| C.N.K., J.R.C., AND R.B., | |
| v. | |
| D.E.B., | |
| APPEAL OF: J.R.C. | No. 141 MDA 2016 |

Appeal from the Order Dated December 22, 2015
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 2011-5951

BEFORE:  SHOGAN, LAZARUS, and JENKINS, JJ.

CONCURRING MEMORANDUM BY SHOGAN, J.:     **FILED AUGUST 04, 2016**

While I agree with the learned Majority's decision to affirm the trial court's denial of Father's petition to relocate Child, I am compelled to write separately regarding my concern that the custody factors outlined in 23 Pa.C.S. § 5328(a) were not addressed by the trial court.  As this Court held in ***A.M.S v. M.R.C.***, 70 A.3d 830 (Pa. Super. 2013), "[t]he trial court must consider all ten relocation factors and all sixteen custody factors when making a decision on relocation that also involves a custody decision." ***Id.*** at 836.  Additionally, in ***S.W.D. v. S.A.R.***, 96 A.3d 396 (Pa. Super. 2014), we explained that if a ruling affects custody or modifies an award of custody,

consideration of the factors outlined in 23 Pa.C.S. § 5328(a) is required. ***Id.*** at 402-404.

In the instant case, I believe the custody arrangement for Child would be impacted if Father were permitted to relocate. Although Father's proposed relocation would result in what has been characterized as a slight reduction in custody of Child for Maternal Grandmother and Mother, from 52 overnights to 48 overnights, this is a reduction nonetheless. While the Majority concludes that Maternal Grandmother's partial custody rights would be "essentially the same," I believe any reduction in a party's custody time with Child would be deemed a modification of the custody award.

Moreover, in its Memorandum the Majority acknowledges that Maternal Grandmother and Mother's custody of Child would be impacted. The Majority explains that "[e]ven though Father proposed almost the same number of 'overnights,' those periods of custody would not be on a consistent week-to-week basis, but rather, interspersed for longer periods throughout the year," and as a result, concludes that relocation of Child would compromise Child's close bond with Maternal Grandmother and the developing bond with Mother. Majority Memorandum at 9-10. Additionally, the Majority asserts that Maternal Grandmother's current close proximity to Father makes custody exchanges flexible and frequent, and avails Maternal Grandmother and Mother the opportunity to attend Child's school and sporting events. ***Id.*** at 9. Accordingly, one can imagine multiple scenarios

- 2 -

in which the relocation of Child would impact the custody arrangement regarding Child. As a result, I conclude that the trial court abused its discretion in failing to conduct an analysis of the custody factors outlined in 23 Pa.C.S. § 5328(a) in addition to the relocation factors.