J. A19008/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.P. A/K/A M.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| C.J.P., | : | No. 40 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 7, 2015,
in the Court of Common Pleas of Lehigh County
Domestic Relations Division at No. 2006-FC-0697

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 23, 2016**

C.J.P. ("Father") appeals, ***pro se***, from the order dated December 4, 2015, and entered December 7, 2015, in the Lehigh County Court of Common Pleas, which denied the petition for modification of custody of C.P., born in April of 2003, and A.J.P., born in May of 2005 (collectively, "Children"), filed by M.P. ("Mother"), granted in part and denied in part the petition for modification of custody filed by Father, and awarded the parties

---

* Former Justice specially assigned to the Superior Court.

shared legal custody, Mother primary physical custody, and Father partial physical custody.[1][2]  After review, we affirm.

The relevant procedural and factual history was summarized by the trial court as follows:

> The parties married on November 8, 2002 in Fort Myers, Florida.  They have two minor children, C.P., born [in April of 2003], and A.J.P., born [in May of 2005].  [Mother] filed a complaint in divorce on June 8, 2006.
>
> The parties initially entered into an agreed-upon custody order on May 10, 2007 under which they shared joint legal custody and [Mother] had primary physical custody of the children. Following the entry of that order, there were a number of subsequent modification petitions and emergency custody petitions in this matter which led to several modified orders.  The last custody order in place prior to the order from which the instant appeal in being taken was entered on December 3, 2014.[3]  The December 3, 2014 order made certain modifications to the physical custodial schedule, but otherwise maintained the status quo of shared legal

---

[1]  The court additionally granted Mother's petition for contempt and sanctioned Father.  Father does not address this portion of the trial court's order; therefore, Father waived any challenge to the contempt sanction portion of the order.

[2] While awarding Father partial physical custody, which he had previously been awarded, the trial court reduced Father's custodial time.  (**See** order, 12/7/15 at 6-7; order, 12/4/14 at 7.)

[3] The certified record reflects that, while this order was dated December 3, 2014, it was not entered for purposes of Pa.R.C.P. 236(b) until December 4, 2014.  (Order, 12/4/14.)

custody and primary physical custody with [Mother].[4]

On March 3, 2015, [Mother] filed a petition for modification of the December 4, 2014 order. However, this petition was dismissed on March 31, 2015 at [Mother]'s request.

On May 11, 2015, [Father] filed a petition for modification of the December 4, 2014 order. [Mother] filed an Answer with a cross-petition to modify on June 11, 2015. [Mother] also filed a petition for contempt on the same day.

The Court conducted a custody trial on December 2, 2015 to consider [Father]'s May 11, 2015 modification and contempt petitions, as well as [Mother]'s answers and cross-petitions for modification and contempt filed June 11, 2015.[5] [6] After the trial, the Court issued an order granting in part and denying in part [Father]'s petition to modify

---

[4] This order granted Father partial physical custody during a two-week period from Thursday after school until Monday morning when Children were to be dropped off timely at school (or at Mother's residence by 10:00 a.m., if no school) the first week, and from Wednesday after school until Friday morning when Children were to be dropped off timely at school (or at Mother's residence by 10:00 a.m., if no school) the second week. (Order, 12/4/14 at 7.)

[5] Upon review of the record, the trial court erroneously suggests a petition for contempt was filed on behalf of Father.

[6] At the hearing on December 2, 2015, both Father and Mother testified on their own behalf. Additionally, Mother presented the testimony of her fiancé, S.K., and the court interviewed Children, *in camera*.

the custody order.[7] The Court also granted [Mother]'s contempt petition and imposed a fine on [Father], as well as ordering him to pay counsel fees to [Mother].[8]

Trial court opinion, 1/25/16 at 1-2.

On January 4, 2016, Father filed a notice of appeal, *pro se*, along with what he titled "A Briefing of Reasoning as to Why the Appeal," which he also later submitted as his appellate brief.[9]

On appeal, Father takes issue with the trial court's award of less custodial time with Children, arguing that "such a significant reduction of custody time will truly harm them particularly now in their impressionable years." (Father's brief at 1 (unpaginated).) Father proceeds to list each of the 17 custody factors and dispute the trial court's findings and/or note his disagreement as to certain factors. (*Id.* at 1-7 (unpaginated).) As

---

[7] This order granted the parties shared legal custody, Mother primary physical custody, and Father partial physical custody. Specifically, Father was awarded partial physical custody from Thursday after school until Friday morning when Children were to be dropped off timely at school (or at Mother's residence by 10:00 a.m., if no school) and on alternating weekends beginning Friday after school until Monday morning when Children were to be dropped off timely at school (or at Mother's residence by 10:00 a.m., if no school). (Order, 12/7/15 at 6-7.)

[8] The court additionally denied Mother's request for modification. (Order, 12/7/15 at 6.)

[9] Although Father's brief may not be in conformity with Pennsylvania Rule of Appellate Procedure 2111, *et seq.*, as we find Father's arguments comprehensible and no resulting prejudice to Mother, and as Mother fails to allege any resulting prejudice, we decline to dismiss and/or quash Father's appeal.

characterized by the trial court, "[Father] . . . essentially reviews the various factors and points out several instances where Appellant disagreed with the Court's determination or rationale." (Trial court opinion, 1/25/16 at 4.)

Our standard of review with regard to a custody matter is well settled:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.
>
> ***V.B. v. J.E.B.***, 55 A.3d 1193, 1197 (Pa.Super. 2012) (citations omitted).
>
> "When a trial court orders a form of custody, the best interest of the child is paramount." ***S.W.D. v. S.A.R.***, 96 A.3d 396 (Pa.Super. 2014) (citation omitted). The factors to be considered by a court when awarding custody are set forth at 23 Pa.C.S. § 5328(a).

***E.R. v. J.N.B.***, 129 A.3d 521, 527 (Pa.Super. 2015).

Section 5328 provides as follows:

**(a)** **Factors.**--In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent,

except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

As we interpret his challenge to the trial court's order, Father, in essence, questions the trial court's conclusions and assessments and seeks for this court to re-find facts, re-weigh evidence, and/or re-assess credibility. This we cannot do. Under the aforementioned standard of review applicable in custody matters, the trial court's findings of fact and determinations regarding credibility and weight of the evidence are not disturbed if there is any evidence in the record to support them. *See E.R.*, 129 A.3d at 527. As we stated in *King v. King*, 889 A.2d 630 (Pa.Super. 2005):

> It is not this Court's function to determine whether the trial court reached the "right" decision; rather, we must consider whether, "based on the evidence presented, given [sic] due deference to the trial court's weight and credibility determinations," the trial court erred or abused its discretion. . . .

*Id.* at 632, quoting *Hanson v. Hanson*, 878 A.2d 127, 129 (Pa.Super. 2005).

In the instant matter, the trial court carefully analyzed and addressed each factor under Section 5328(a) in considering Children's best interests. (Order, 12/7/15 at 1-6.) Thus, after review of the record, we determine that the trial court's findings and determinations regarding the custody factors are supported by competent evidence in the record, and we will not disturb them. *See E.R.*, 129 A.3d at 527.

J. A19008/16

Accordingly, for the foregoing reasons, we affirm the order of the trial court awarding the parties shared legal custody, Mother primary physical custody, and Father partial physical custody.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2016