**S.W.D., Appellant**

v.

**S.A.R., Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 30, 2014.

Filed July 11, 2014.

Robin L. Frank, Pittsburgh, for appellant.

Kenneth R. Harris, Jr., Butler, for appellee.

BEFORE: BOWES, WECHT, and STABILE, JJ.

OPINION BY STABILE, J.:

In this child custody case, S.W.D. (Father) appeals an order that denied his petition for special relief. Father had requested the trial court to order his and S.A.R.'s (Mother) son, B.A.D. (Child), to be enrolled in the school of Father's choice and to ratify an informal change to the physical custody schedule. Regarding Child's schooling, we hold the trial court did not abuse its discretion in ordering Child enrolled in the school of Mother's choice. Regarding physical custody, however, we hold the trial court erred by not addressing all the child custody factors as required by the Child Custody Act (Act), 23 Pa.C.S.A. §§ 5323(d), 5328(a). We therefore affirm in part, vacate in part, and remand to the trial court for proceedings consistent with this opinion.

## I

This case began when Father filed a complaint for custody of Child. The trial court held a full hearing, and issued a final custody order dated January 8, 2010.[1] Under the order, Mother and Father have shared legal custody. Mother has primary physical custody. Father has partial physical custody every Tuesday from 5:30 p.m. until Thursday at 5:30 p.m., and every other weekend from Friday at 5:30 p.m. until Sunday at 5:30 p.m. Sometime in September 2012, the parties informally agreed to modify their custody arrangement to a 5–2–2–5 schedule (the "informal change").[2]

In April 2013, Father filed a petition for special relief raising two issues: Child's schooling and a change to the custody schedule. Father asked the trial court to approve his choice of school and to ratify the informal change to custody, which he believed was a modification to the January 8, 2010, final custody order. The trial court held an evidentiary hearing on August 2, 2013. Father and Mother were the only witnesses who testified.

At the time of the hearing, Child was five years old and about to enter kindergarten. He had attended preschool in Worthington, Armstrong County, not far from Mother's residence. Father wanted to place Child in Harvest Baptist Academy, a private Christian school in Westmoreland County, closer to where Father lives. Father preferred Harvest Baptist Academy because it would shorten his time to take Child to school following his custody days. Harvest Baptist Academy is about 8.5 miles from Father's residence and 13.5 miles from Mother's. Father also considered Mother's religion, Baptist, in choosing a school. Father intended to pay the school's tuition, except that he wanted Mother to contribute about $80.00 per month, the same amount she had been paying for preschool. Though Harvest Baptist Academy teaches students in kindergarten through 12th grade, Child's enrollment there was to be only temporary, because Mother's school district offers more classes and extracurricular activities.

Mother instead enrolled Child in West Hills Primary School, where she lives, in Armstrong School District. Despite having shared legal custody, Mother did so without Father's knowledge or consent, and omitted his name and information from all of Child's educational records. Mother preferred West Hills Primary School because it would be more permanent, and Child would not have to change schools or school districts. Also, Child already knew several children from attending preschool there.

After the hearing, the trial court denied Father's petition. In its written memorandum, the trial court, after quoting 23 Pa. C.S.A. § 5328(a), explained its decision as follows:

> Considering all those factors above that are relevant to the issues now before us, we find that it is in the Child's best interest to remain enrolled at West Hills Primary School, with the parties continuing to follow the custody schedule set forth in the [c]ourt's January 8, 2010 Order. The parties both understood that enrollment at Harvest Baptist Academy would potentially, if not likely, be a temporary arrangement. The Child would then have to change schools

---

1. The facts are taken from the Trial Court Opinion, 8/14/13, at 1–4, unless another source is cited.

2. Father refers to this in his questions for review and brief as the "status quo." The trial court found that the January 8, 2010 custody order was the status quo between the parties.

and school districts late on in his educational career, which we find to be unnecessary and not suited to maintaining consistency in his life. We further find that Father's chief concern with West Hills Primary School is not its academic reputation, but instead its distance from his residence. Although we are not unsympathetic to a parent's difficulty and expense in providing transportation for custody exchanges, we do not find Father's concern in this regard to be weighty enough to warrant the move to Harvard Baptist Academy. We have been presented with no competent, persuasive evidence that the Child cannot receive a quality education at West Hills Primary, which will be free of charge to the parties. We therefore will order that the Child remain enrolled there. With regard to the parties' physical custody schedule, we note that the schedule contained in the January 8, 2010 Order was never changed in this [c]ourt. The parties, of course, are free to modify the order as they see fit. However, we have been presented with no evidence to suggest that the current 5–2–2–5 schedule is more in the Child's best interest than the previous schedule that the [c]ourt ordered after a full custody hearing. We also are convinced that the current schedule was intended by the parties to be temporary in nature, subject to the discontinuance if either of the parties became unsatisfied with it or believed it to be unbeneficial to the Child. The parties thus should continue the custody schedule contained in the January 8, 2010 order, except as they may otherwise *mutually* agree.

Trial Court Opinion, 8/14/13, at 6–7 (emphasis in original). The trial court ordered (1) Child to be enrolled at West Hills Primary for the 2013–14 school year; (2) Mother to provide West Hills Primary with Father's contact information and designate Father as a legal parent or guardian; and (3) the parties to follow the final custody order entered on January 8, 2010. The trial court deemed the first two provisions non-negotiable.

Father timely appealed to this Court and filed a concise statement of errors complained of on appeal. In response, the trial court issued a Rule 1925(a) memorandum resting on its previous opinion, except to additionally address Father's contention that the court abused its discretion in maintaining the custody schedule established by the January 8, 2010 order.

Father presents four issues for our review:

I. Whether the trial court abused its discretion by denying Father's request to enroll the minor child in Harvest Baptist Academy, which is contrary to the best interests of the Child?

II. Whether the trial court committed an abuse of discretion by failing to enforce the established status quo custody schedule and by instead reinstating the custody schedule from a past order of court?

III. Whether the trial court committed an abuse of discretion by denying Father's request to enroll the Child in the Harvest Baptist Academy, which is against the weight of the evidence presented at trial?

IV. Whether the trial court committed an abuse of discretion and erred in failing to consider all of the custody factors set forth in 23 Pa.C.S.A. § 5328(a), and by failing to account for the required factors in reaching its decision?

Appellant's Brief at 12. For ease of discussion, we first address the schooling issue. We then turn to the request to ratify

the informal change to the custody schedule.

## II

We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. *M.P. v. M.P.*, 54 A.3d 950, 953 (Pa.Super.2012). Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. *Id.* We defer to the trial judge regarding credibility and the weight of the evidence. *Id.* The trial judge's deductions or inferences from its factual findings, however, do not bind this Court. *Id.* We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings. *Id.*

## III

### A

Under the Child Custody Act,

After considering the factors set forth in section 5328 (relating to factors to consider when awarding custody), the court may award any of the following types of custody if it is in the best interest of the child:

(1) Shared physical custody.

(2) Primary physical custody.

(3) Partial physical custody.

(4) Sole physical custody.

(5) Supervised physical custody.

(6) Shared legal custody.

(7) Sole legal custody.

23 Pa.C.S.A. § 5323(a).[3]

In this case, the parties have shared legal custody of Child. "Legal custody" is

defined as "[t]he right to make major decisions on behalf of the child, including, but not limited to, medical, religious and educational decisions." *Id.* § 5322. "Shared legal custody" is the right of more than one individual to legal custody. *Id.* Mother has primary physical custody, or the right to assume actual possession and control of Child for the majority of the time. *Id.* Father has partial physical custody, *i.e.*, the right to physical custody for less than a majority of the time. *Id.*

The Act defines the various forms of custody as the "right" of a party to make decisions for the child, or to exercise physical control over the child. *Id.* § 5322. Thus, in ordering a form of custody, the trial court dictates which party has the right to custody.

When a trial court orders a form of custody, the best interest of the child is paramount. *J.R.M. v. J.E.A.*, 33 A.3d 647, 650 (Pa.Super.2011). To determine the child's best interest, the trial court must consider the following 16 factors when "ordering any form of custody." 23 Pa.C.S.A. § 5328(a). Those factors are:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3) The parental duties performed by each party on behalf of the child.

---

**3.** A court may also award interim custody to a party with standing in response to a petition for special relief. 23 Pa.C.S.A. § 5323(b).

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).[4]

Our decision here requires us to provide clarification on when a court is obligated to address all the best interest factors under 5328(a) of the Act. In construing a statute, we must ascertain the intent of the General Assembly. 1 Pa.C.S.A. § 1921(a). The unambiguous terms of a statute are the clearest expression of the legislature's intent. *Id.* § 1921(b). If the terms of a statute are ambiguous, we may resort to interpretive aids, including legislative history, former statutes on the same subject, and the consequences of a particular interpretation. *Id.* § 1921(c). We interpret words and phrases according to the rules of grammar and according to their common and approved usage. *Id.* § 1903. When parts of a statute related to the same thing, we must construe those parts *in pari materia. Id.* § 1932.

■ The Act requires a court to consider all of the § 5328(a) best interest factors when "ordering any **form** of custody." 23 Pa.C.S.A. § 5328(a) (emphasis added). Sections 5323(a) and (d) reinforce this mandate by requiring a court to delineate the reasons for its decision when making an award of custody either on the record or in a written opinion. Mere recitation of the statute and consideration of the § 5328(a) factors *en masse* is insufficient. *C.B. v. J.B.,* 65 A.3d 946, 950 (Pa.Super.2013). A trial court's failure to place its reasoning regarding the § 5328(a) factors on the record or in a written opinion is an error of law. *J.R.M.,* 33 A.3d at 652. Accordingly, in *C.B.,* when the trial court merely stated that it had considered the § 5328(a) factors, we held that the trial court's on-the-record explanation was insufficient under the statute. *C.B.,* 65 A.3d

---

4. The General Assembly recently added a 17th factor. Act of Dec. 18, 2013, P.L. 1167, No. 107 § 1. The effective date of the amendment is January 1, 2014, so it does not apply here.

at 950–51. Similarly, in *M.P.*, we found error where the trial court listed the § 5328(a) factors but failed to apply them. *M.P.*, 54 A.3d at 955–56.

We must construe § 5328(a) (requiring consideration of the sixteen factors) and § 5323(a) and (d) (listing the forms of custody that a trial court may award) *in pari materia*, since they relate to the same subject. Furthermore, because the Act does not define "form of custody," we must interpret that phrase according to common and approved usage.

■ In context, the common meaning of "form" is "a kind, type, or variety." American Heritage Dictionary (5th ed. 2014). Therefore, we interpret "form of custody," to mean the seven types of custody listed at 23 Pa.C.S.A. § 5323(a). We hold that a trial court must apply the § 5328(a) factors and issue a written explanation of its decision when it orders any of the seven forms of custody provided for by the Act.

Not every decision by a trial court in a custody case, however, entails an award of a form of custody. Our recent decision in *M.O. v. J.T.R.*, 85 A.3d 1058 (Pa.Super.2014), is illustrative. In that case, the trial court decided a "discrete and narrow issue ancillary to a **materially unchallenged custody arrangement**," *i.e.*, whether Father needed to take time off from work when he had custody of the children over summer vacation. *Id.* at 1059–60 (emphasis added). We held that the trial court was not required to address the § 5328(a) factors. "Because the trial court did not make an award of custody, but merely modified a discrete custody-related issue, it was not bound to address the sixteen statutory factors in determining the Children's best interest." *Id.* at 1063. Thus, the discrete and ancillary issue in *M.O.* did not require the trial court to **order any form of custody.** Therefore,

though the trial court was required to consider the children's best interests, it did not need to specifically address all the § 5328(a) best interest factors. Instead, we stated:

> Many custody-related issues raised in motions are similar to the one in the case: a single discrete and narrow issue ancillary to the award of custody. It would be burdensome for a trial court to have to consider all sixteen factors explicitly on the record every time a litigant argues a motion seeking, for example, to change the custody exchange location or to decide whether a child plays sports in one parent's municipality or the other's. Without a doubt, a trial court must consider a child's best interest in ruling upon such motions. **But our statutes require neither a consideration of all sixteen factors nor delineation of the court's rationale on the record unless the ruling awards custody or modifies an award of custody.**

*M.O.*, 85 A.3d at 1063 n. 4 (emphasis added).

Other of our decisions interpreting the new Act are instructive, as well. In *C.B.*, the trial court awarded primary physical custody of the children to their paternal uncle, who had recently separated from the children's other guardian, their paternal aunt. *C.B.*, 65 A.3d at 948. In *J.R.M.*, the trial court entered an order establishing a legal and physical custody regime for the parties. *J.R.M.*, 33 A.3d at 649–50. In both cases, the trial court ordered a **form** of custody listed at § 5323(a) of the Act. Therefore, the trial courts were required to consider and apply all the § 5328(a) factors. *C.B.*, 65 A.3d at 949, *J.R.M.*, 33 A.3d at 652; *see also A.V. v. S.T.*, 87 A.3d 818, 824 (Pa.Super.2014) ("[A]s with any award of custody, the court was required to apply the Section 5328(a)

custody factors regarding the best interests of Children and to explain the reasons for its decision.").

It also is true that resolution of an otherwise ancillary matter may affect a form of custody and require consideration of the § 5328(a) factors. For instance, the choice of a child's school may factor into a trial court's decision to award a form of custody when the trial court is addressing a request to establish or change legal or physical custody in connection with the choice of school. One parent in a custody dispute may argue that he or she is entitled to primary physical custody because his or her residence has much better schools. On the other hand, many times—like here—these items may appear as independent, discrete issues advanced by motion or petition that does not require a change in the form of custody. Although any decision requires consideration of the child's best interest, only the former situation requires consideration and application of the § 5328(a) factors.

A reading of the § 5328(a) factors further supports our interpretation that all these factors only must be considered when a "form of custody" is ordered. Most of the § 5328(a) factors are better suited to addressing the larger issue of the form of custody to be awarded, rather than considerations beneficial to resolving discrete and ancillary disputes relating to custody. In the latter, the considerations that could affect a trial court's decision are myriad. Thus, it makes little sense for a trial court to analyze each of the sixteen 5328(a) factors when arbitrating, for example, a dispute over a custody-exchange location; which youth sports the children should play; or whether a parent should

be required to have children's toys, beds, or other things in his or her house.[5] Rather, when read as a whole, it is apparent that the § 5328(a) factors were designed to guide the best-interest analysis when a trial court is ordering which party has the **right** to a form of custody.

We emphasize that in all matters affecting custody, the child's best interest is still paramount. *See M.O.*, 85 A.3d at 1063 ("However, under Section 5338, the trial court was required to determine that the modification that it did order was in the Children's best interest."). The § 5328(a) factors, however, are a means to that end, and represent a legislative framework for determining a form of custody that is in a child's best interest. Even where a trial court need not consider and address the § 5328(a) factors, it still must consider the child's best interest in custody matters.

### B

■ In this case, the trial court acknowledged the § 5328(a) factors, but it did not consider them when deciding the legal custody issue—the place of child's schooling. The failure to address all factors under 5328(a) did not constitute reversible error, because the trial court was not required to consider and apply all the § 5328(a) factors. In deciding that Child should attend West Hills Primary School, the trial court did not order a form of custody. While the choice of where a child will attend school is not trivial and certainly is a major life decision, the court's decision here merely resolved an impasse between the parties who shared the legal right to make this decision. Stated another way, the trial court merely arbitrated a dispute between Mother and Father re-

5. Many times in custody disputes, the parties ask the trial court to decide minor issues. We recognize that the state cannot raise children and that our courts are ill equipped to decide such issues. Nothing in our opinion should be read as encouraging over-intervention by the court into disputes that should and can be decided by a child's guardians.

garding schooling, instead of granting one of them the right to make that decision. The trial court did not alter the custody regime by allowing either Mother or Father the sole **right** to make decisions regarding Child's schooling. Here, the trial court did not change the form of legal custody.[6] Rather, it merely acted as an arbiter, and decided Child's place of schooling because the parties could not agree on this issue.

We long have recognized that, when parties share legal custody of a child, they may reach an impasse in making decisions for the child that implicate custody. When that happens, the parties turn to the trial court to decide their impasse. *See, e.g., Staub v. Staub,* 960 A.2d 848 (Pa.Super.2008) (deciding between public and home schooling); *Fox v. Garzilli,* 875 A.2d 1104 (Pa.Super.2005) (ordering that children would attend school in mother's school district); *Dolan v. Dolan,* 378 Pa.Super. 321, 548 A.2d 632 (1988) (deciding between public and parochial school). This type of court intervention does not affect the form of custody and hence, the 5328(a) best interest factors do not all have to be considered.

### C

Next, Father contends that the trial court abused its discretion in finding that Mother's place of schooling was in Child's best interest. We do not agree. In making its decision, the trial court noted several factors that weighed in favor of attendance at West Hills Primary School. Father conceded that enrollment at Harvest Baptist Academy was to be temporary. The trial court found attendance there would not be in the best interest of Child, as it would require Child to change schools and not be suited to maintaining consistency in his life. Trial Court Opinion, 8/14/13, at 6. The trial court also found that Father's chief concern with Mother's school was its distance from his home. *Id.* While the trial court was sympathetic to this concern, on balance it did not find this to be weighty enough to warrant attendance at Harvest Baptist Academy. *Id.* Finally, the trial court found no persuasive evidence that Child would receive a substandard education at West Hills Primary School. *Id.* On these findings, supported by record evidence, we cannot find an abuse of discretion. *See, e.g., C.B.,* 65 A.3d at 956 (noting that we defer to the trial court regarding the weight of the evidence). Therefore, we must affirm that portion of the trial court's order pertaining to Child's schooling.

### IV

We now turn to Father's contention that the trial court abused its discretion in failing to enforce the informal change to the custody schedule.

### A

The trial court questioned whether it could address Father's request to modify

---

**6.** At the hearing, Father initially requested that he be named "primary legal guardian" (*i.e.,* sole legal custody) to select Child's school. N.T. Special Relief Hearing, 8/2/13, at 5. However, as the trial court noted, Father had not requested that relief in his petition. *Id.* Father later only requested that the court decide the school issue for the parties. *Id.* at 76–77 ("And we're asking that the [c]ourt ... order that [Child] go to the Harvest Baptist School for kindergarten.").

We recognize that, when a trial court makes a ruling concerning which school a child will attend, it also may be required to modify the parties' physical custody arrangement. This is particularly so when the parties live far apart, making it impractical for one parent to transport the child to school. In those cases, because a change in physical custody would occur, the § 5328(a) factors would all need to be addressed.

the custody schedule, since Father had not presented it with a petition to modify custody. Instead, Father filed a petition for special relief. The rules governing the practice and procedure in all actions for legal and physical custody of a minor child contemplate that commencement of a custody action begin with the filing of a complaint. Pa.R.C.P. No. 1915.3. As we have stated, in awarding any form of custody, the court must address each of the best interest custody factors under § 5328(a). At any time after commencement of an action however, a court on application or its own, is empowered to order emergency or interim special relief. Pa.R.C.P. Nos. 1915.4(e), 1915.13. Special relief may include an award of temporary legal or physical custody. Pa.R.C.P. No. 1915.13. A court is given this authority so that it may address emergency situations and to protect a child until a final hearing can be held and a permanent custody order can be entered. *Id.*; 23 Pa.C.S.A. § 5323(b) (allowing interim award of custody in the manner prescribed by the Pennsylvania Rules of Civil Procedure governing special relief); *see also Choplosky v. Choplosky*, 400 Pa.Super. 590, 584 A.2d 340 (1990) (citing *Steele v. Steele*, 376 Pa.Super. 174, 545 A.2d 376 (1988)).[7] Where a court temporarily modifies a custody order under the special relief provision of Rule 1915.13, its order may only serve as an interim or temporary measure until the parties can prepare to resolve more permanently the

custody issue at hand. *Choplosky*, 584 A.2d at 343.

Once a custody order is in place, both Section 5338 of the Act, 23 Pa.C.S.A. § 5338, and Pa.R.C.P. No. 1915.15, permit a court, upon petition, to modify a custody order.[8] This Court has held that the appropriate manner to bring about a change in custody is by the filing of a petition for modification, which would follow generally, the procedure under Pa.R.C.P. No. 1915.3. *Choplosky*, 584 A.2d at 342–43. A petition for modification must be filed in order for a court to review a case for permanent modification of a custody order. *Id.* at 342 (citing *Seger v. Seger*, 377 Pa.Super. 391, 547 A.2d 424 (1988)). Apart from these procedures authorized under the Child Custody Act and Rules, the filing of a proper petition also serves the important purpose of providing notice and an opportunity to be heard to satisfy the requirements of due process attendant to custody proceedings. *Id.* Thus, while it is generally true efforts seeking to modify custody may be filed at any time, courts cannot allow parties to forgo the general notice requirements which otherwise must be strictly observed. *Id.*

While it is the appropriate practice under the Act and the Rules of Civil Procedure to file a pleading entitled a "petition to modify custody" to seek modification of a custody order, this Court has held nonetheless, that if notice of the proceeding adequately advises a party that custody

---

**7.** Although *Choplosky, Steele,* and *Guadagnino v. Montie,* 435 Pa.Super. 603, 646 A.2d 1257 (1994), discussed *infra,* were decided prior to the current Act, effective January 24, 2011, and the current version of Rule 1915.13, for purposes of the issues resolved in this appeal, these cases in material respect are still instructive.

**8.** Father's reliance upon *Masser v. Miller,* 913 A.2d 912 (Pa.Super.2006), for the proposition that a court may modify custody even when

there is no pending request before the court is inapposite. At the time *Masser* was decided, the Domestic Relations Code expressly provided that a court could *sua sponte* modify an existing custody order. 23 Pa.C.S.A. §§ 5304, 5310 (repealed 2011). The present Act has no similar provision. Instead, the current Act provides that a court may modify custody only upon the filing of a petition. 23 Pa. C.S.A. § 5338.

will be at issue, a court may entertain the request to permanently modify a custody order after hearing in that proceeding. *Guadagnino,* 646 A.2d at 1262. We therefore, held in *Guadagnino* that the court could properly consider a request to modify custody in a proceeding to determine if a parent should be held in contempt, so long as there was adequate notice that the custody order would be challenged. *Id.* In that case, the petition for contempt filed provided adequate notice the custody order would be challenged. The trial court properly conducted the hearing tailored to the issues at hand. *Id.*

Turning now to the instant case, Father initiated proceedings before the trial court by the filing of a petition for special relief. While the principal focus of that petition concerned where Child would attend school, the petition also pled and requested as relief, that the trial court enforce the informal change Father maintains was agreed to between the parties that modified the January 8, 2010 custody order. Thus, while the pleading filed was entitled a "Petition for Special Relief," thereby on its face suggesting that temporary relief was being requested, an examination of the pleading reveals that the pleading was in fact one whereby Father was seeking modification to the January 8, 2010 custody order by requesting a change in legal and physical custody. Contrary to its belief, the trial court would not have abused its discretion by modifying the January 8, 2010 custody order, if it deemed that in the best interest of Child, based upon the pleading filed, even though it was not entitled a "Petition for Modification." Mother was provided adequate notice that modification of the January 8, 2010 custody order was to be at issue at hearing.

**B**

◼ Under the January 8, 2010 order, Mother had primary physical custody of

Child, and Father had partial physical custody for six nights out of every two weeks. Around September 2012, the parties agreed to the informal change, under which they started to follow a 5–2–2–5 schedule. The informal change gave Father an extra night of custody every two weeks. He contended that the informal change was the "status quo," *see supra,* note 2, and asked the trial court to formally ratify it as such.

Mother, for her part, argued that the informal change was temporary. She contended that the parties were actually following the schedule mandated by the January 8, 2010 order at the time of the hearing in August 2013. Father agreed that they had resumed the January 8, 2010 order's schedule once Child left preschool in May 2013. N.T. Special Relief Hearing, 8/2/13, at 10. The trial court agreed with Mother's version of the facts.

Regardless of which schedule the parties were following, Father's petition for special relief placed the issue of physical custody before the trial court. By asking the court to ratify the informal change, Father was requesting a modification of physical custody. This compelled the trial court to decide which physical custody arrangement was in Child's best interest, squarely implicating an award of a form of custody under 23 Pa.C.S.A. § 5323(a). Therefore, the trial court was required to consider all the § 5328(a) best interest factors. Even if the trial court only reaffirmed its prior order, it nonetheless was ruling upon a request to change the form of physical custody and, therefore, bound to decide whether the prior order remained in Child's best interest.

Here, while the trial court found no evidence that the informal change was in Child's best interest, it did not address all the § 5328(a) best interest factors. Its

failure to do so constitutes an abuse of discretion. *See, e.g., J.R.M.*, 33 A.3d at 652. Therefore, we are constrained to vacate the portion of the trial court's order pertaining to physical custody, and remand for preparation of an opinion that addresses all the § 5328(a) best interest factors.

In light of the above, we reject Mother's contention that the trial court properly considered all of the § 5328(a) factors based upon the trial court summarily stating it considered all factors relevant to the issues before the court. As noted, a court cannot merely recite the § 5328(a) factors and state it considered them generally. *C.B.*, 65 A.3d at 950–51. Our decisions require consideration of each factor as each may affect the custody to be awarded. *Id.*

For the foregoing reasons, we affirm the portion of the trial court's order pertaining to Child's schooling. We vacate the portion of the order concerning the change to physical custody, and remand for preparation of an opinion and order specifically addressing all the factors under 23 Pa. C.S.A. § 5328(a) on the issue of physical custody.[9] The trial court must issue its opinion and order within 30 days of the date on which the certified record is returned.

Order affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

---

9. Father cites *V.B. v. J.E.B.*, 55 A.3d 1193 (Pa.Super.2012), for the proposition that we may reverse and enter relief on the merits. *V.B.* is clearly distinguishable. In *V.B.*, this Court found that the trial court clearly abused its discretion in fashioning its custody award and that the record was sufficiently developed to permit this Court to substitute its judgment for that of the trial court. These conditions clearly do not present in this case.