J-S11045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S.M.E. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| R.J.E. | |
| | No. 1937 EDA 2015 |

Appeal from the Order entered June 2, 2015
in the Court of Common Pleas of Philadelphia County,
Family Court Division, at No. OC1002022

BEFORE: FORD ELLIOTT, P.J.E, OTT and MUSMANNO, JJ.

JUDGMENT ORDER BY MUSMANNO, J.: **FILED APRIL 29, 2016**

S.M.E. ("Mother") appeals from the Order entered on June 2, 2015, which amended the Custody Order entered on August 25, 2014.[1] We vacate and remand for the preparation of a new order and opinion.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for purposes of this appeal. **See** Trial Court Opinion, 7/30/15, at 1-3. On June 2, 2015, following a hearing, the trial court entered an Order amending the August 25, 2014 Custody Order. The June 2, 2015 Order essentially denied Mother's Petition for Modification, as the Order did not include the custodial changes requested by Mother in

_____

[1] The Custody Order pertains to the three minor children of Mother and R.J.E. ("Father"): R.E., III (born 11/9/00); J.E. (born 4/15/04); and R.E. (born 4/11/11) (hereinafter "Children").

her Petition.  Mother filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b)

Concise Statement of Errors Complained of on Appeal.  Thereafter, the trial

court issued its Opinion, pursuant to Pa.R.A.P. 1925(a).

On appeal, Mother raises the following issues for our review:

1.    Whether the trial court erred in refusing to modify the
      Custody Order to allow Mother to care for her [C]hildren
      during fifty-two (52) overnights per year when Mother is
      available and Father leaves [C]hildren with a baby-sitter
      due to his work schedule[?]

2.    Whether the trial court violated Mother's fundamental
      constitutional parenting rights by depriving her of
      [C]hildren during fifty-two (52) overnights per year and
      entrusting [C]hildren to a third party who was not a party
      to the custody litigation[?]

Mother's Brief at 3.

In any custody case decided under the Child Custody Act ("the Act"),[2]

the paramount concern is the best interests of the child.  **See** 23 Pa.C.S.A.

§§ 5328, 5338.  Section 5338 of the Act provides that, upon petition, a trial

court may modify a custody order if it serves the best interests of the child.

23 Pa.C.S.A. § 5338; **see also E.D. v. M.P.**, 33 A.3d 73, 80-81 n.2 (Pa.

Super. 2011).  Section 5328(a) sets forth a list of sixteen factors that the

trial court *must* consider when making a "best interests of the child" analysis

for a custody determination.  **See** 23 Pa.C.S.A. § 5328(a).

---

[2] **See** 23 Pa.C.S.A. §§ 5321 *et seq*.  Because the custody trial was held in
June 2015, the Act applies to this case.  **See C.R.F. v. S.E.F.**, 45 A.3d at
445 (holding that, if the custody evidentiary proceeding commences on or
after the effective date of the Act, *i.e.*, January 24, 2011, the provisions of
the Act apply).

Moreover, section 5323(d) mandates that, when the trial court awards custody, it "*shall* delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d) (emphasis supplied). Mere recitation of the statute and consideration of the section 5328(a) factors *en masse* is insufficient. **See S.W.D. v. S.A.R.**, 96 A.3d 396, 400 (Pa. Super. 2014). A trial court's failure to place its reasoning regarding the section 5328(a) factors on the record or in a written opinion is an error of law. **See id**.

In its Opinion, the trial court states that it discussed the section 5328(a) factors at the hearing. **See** Trial Court Opinion, 7/30/15, at 3 (referencing N.T., 6/2/15, at 52-56). Our review of the hearing transcript discloses that, while the trial court did address *some* of the section 5328(a) factors at the hearing, it did not address *all* of them. **See** 23 Pa.C.S.A. § 5323(d). Further, our review of the record discloses that the trial court did not address *all* of the section 5328(a) factors in a written opinion or order. **See id**.

Accordingly, we must vacate the trial court's June 2, 2015 Order and remand this matter for the preparation of a new order and opinion compliant with section 5323(d). Upon remand, the trial court is directed to issue a new order and opinion within thirty days of the date of this Order.

Order vacated. Case remanded for further proceedings consistent with this Order. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2016