J-S15016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H.W., I.W., AND A.R. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| D.R. | : | |
| | : | No. 3712 EDA 2017 |
| v. | : | |
| N.W. AND M.J.H. | : | |
| APPEAL OF: A.R., FATHER | : | |

Appeal from the Order Entered October 13, 2017
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 1497 CV 2015,
No. 185 DR 2015

BEFORE:  STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 18, 2018**

Appellant, A.R. ("Father") appeals from the October 13, 2017 Order which, *inter alia*, awarded primary physical custody of N.R. ("Child") to Appellees, N.W. ("Maternal Grandmother") and M.J.H. ("Maternal Step-Grandfather") (collectively, "Maternal Grandparents") and partial physical custody of Child to Father in six-hour increments when Father is in the New York area.  We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

The relevant factual and procedural history, which we glean from the certified record, is as follows. Mother and Father are parents to 6-year-old Child, who was born in December 2011. Mother and Father remain married, but have been separated since March 2014. Child lived with Mother and Father at five different residences until parents separated. Father moved to Arizona in May 2014 and Child remained in Mother's care. For approximately one year, Mother and Child lived intermittently between the home of Maternal Grandparents in Maspeth, New York and the home of I.W. and H.W. ("Maternal Great-Grandparents") in Pennsylvania. Father continues to reside in Arizona.

On March 2, 2015, Maternal Great-Grandparents filed a *pro se* Complaint in Custody and requested temporary physical custody of Child. On March 25, 2015, Maternal Great-Grandparents filed a counseled Amended Complaint for Custody, joined Father as a plaintiff, and requested that the Court grant Father primary physical custody of Child. On April 16, 2015, following a Custody Conciliation Conference, the trial court entered an Interim Order awarding shared legal custody to Mother and Father and temporary physical custody to Mother subject to periods of partial physical custody for Maternal Great-Grandfather every Saturday.

In October 2015, Mother moved to New Jersey with Child and began living with her current paramour. On or around October 19, 2015, the New Jersey Division of Family Services removed Child from Mother and placed Child in foster care pending an investigation into 1) allegations of unexplained

injuries and bruising to Child and 2) Mother's paramour having prior criminal charges of sexual assault against a minor.

On November 25, 2015, Maternal Grandparents filed a Petition for Intervention and Modification of Custody. On December 22, 2015, the trial court granted Maternal Grandparents' Petition to Intervene and awarded temporary emergency shared legal custody of Child to Maternal Grandparents and Father. The court also awarded temporary emergency physical custody of Child to Maternal Grandparents subject to periods of partial physical custody to Mother, Father, and Maternal Great-Grandparents.[1] The trial court also ordered the parties to arrange for home study evaluations forthwith, and gave the parties permission to file a petition with the court for a full evidentiary hearing once the home studies were complete.

On January 26, 2017, Father filed a Petition for Evidentiary Hearing. The trial court held evidentiary hearings on May 19, 2017, September 11, 2017, and October 13, 2017. Father presented testimony from himself, his paramour, his friend, and Maternal Great-Grandfather. Maternal Great-Grandparents presented testimony from Maternal Grandmother, Maternal Step-Grandfather, and Mother.

---

[1] The trial court awarded Mother supervised partial physical custody as agreed upon by Mother and Maternal Grandparent, awarded Father 6-hour increments of partial physical custody when he is in the New York area, and awarded Maternal Great-Grandparents partial physical custody every Saturday.

Father testified on his own behalf. In sum, Father has lived in Arizona since May 2014 and over the past three-and-a-half years he has had limited contact with Child. His contact consists merely of weekly telephone conversations lasting approximately 15 minutes, and a total of 3 or 4 in-person visits when he has returned to Pennsylvania for the purpose of attending court proceedings. He has sent Child one Christmas card and one birthday card. N.T. Hearing, 5/18/17, at 21-24, 64.

Maternal Grandmother testified regarding Child's social and academic progress since living with Maternal Grandparents. In sum, when then 4-year-old Child came to live with Maternal Grandparents, she had a speech delay, she was afraid to take a bath and wash her hair, she was not potty-trained, and she was behind on her immunization shots. *Id.* at 173, 177. Child is currently up to date on all of her immunizations and medical and dental appointments, and is fully potty-trained. *Id.* at 175-76. Maternal Grandmother took child to multiple evaluations and the school district created a full I.E.P. for Child, which included co-teaching, speech and language therapy, and counseling. *Id.* at 178-79. Maternal Grandmother presented evidence from Child's general education teacher, special education teacher, and speech teacher to show that Child made consistent progress throughout the school year with school services and support from her Maternal Grandparents. *Id.* at 181; Maternal Grandparents Exhibit 6. Maternal Grandmother sent both parents a copy of Child's I.E.P. N.T. Hearing, 5/18/17

at 184. Neither parent has requested papers or reports from the school regarding Child's progress. *Id.* at 186.

Maternal Grandmother stated that Mother sees child once or twice a month for six to eight hours, as well as holidays, supervised by Maternal Grandparents. *Id.* at 193. Mother testified that she was in agreement with the Maternal Grandparents having custody of Child. N.T. Hearing, 9/11/17, at 51-52 .

On October 13, 2017, the trial court, *inter alia*, awarded shared legal custody of Child to Maternal Grandparents, Mother, and Father, and awarded primary physical custody of Child to Maternal Grandparents. The trial court awarded partial physical custody to Mother and Father.[2]

Father timely appealed. Both Father and the trial court complied with Pa.R.A.P 1925.

**ISSUES RAISED ON APPEAL**

1. Did the trial court commit an error of law and/or abuse its discretion in its determination that an award of primary physical custody to [Maternal Grandparents] was in the best interest of the child, in view of [Maternal Grandparents'] failure to establish convincing reasons that [Child]'s best interest would be served by an award to them over [Father]?

2. Did the trial court commit an error of law and/or abuse its discretion when it denied [Father]'s request for primary physical custody by failing to correctly apply the heavy burden

_____

[2] The trial court awarded Mother supervised partial physical custody as agreed upon by Mother and Maternal Grandparents and awarded Father 6-hour increments of partial physical custody when he is in the New York area.

of proof required of third parties seeking custody over a parent?

Father's Brief at 2 (reordered for ease of disposition; some capitalization omitted).

**STANDARD AND SCOPE OF REVIEW**

When reviewing child custody matters, our paramount concern is the best interests of the child. *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006). "The best interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." *Id.* (quotation and citation omitted).

This Court reviews a custody determination for an abuse of discretion. *In re K.D.,* 144 A.3d 145, 151 (Pa. Super. 2016). We will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." *Id.* (citation omitted). Rather, "[a]ppellate courts will find a trial court abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias or ill will." *Id.* (citation omitted).

Further, when this Court reviews a trial court's "best interests" analysis in custody matters, our scope of review is broad:

> . . . we are not bound by deductions and inferences drawn by the trial court from the facts found, nor are we required to accept findings which are wholly without support in the record. On the

other hand, our broad scope of review does not authorize us to nullify the fact-finding function of the trial court in order to substitute our judgment for that of the trial court.  Rather, we are bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.  Further, on the issues of credibility and weight of the evidence, we defer to the findings [of] the trial judge.  Additionally, appellate interference is allowed only where it is found that the custody order is manifestly unreasonable as shown by the evidence of record.

*Saintz, supra* at 512 (quotation and citation omitted).

**THE CHILD CUSTODY ACT**

The Child Custody Act ("the Custody Act"), 23 Pa.C.S. §§ 5321-5340, governs all custody proceedings commenced after January 24, 2011.  *E.D. v. M.P.,* 33 A.3d 73, 77 (Pa. Super. 2011).  The Custody Act requires a trial court to consider all of the Section 5328(a) best interests factors when "ordering any form of custody."  23 Pa.C.S. § 5328(a).  A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion."  *S.W.D. v. S.A.R.*, 96 A.3d 396, 401 (Pa. Super. 2014); *see also* 23 Pa.C.S. § 5323(a) and (d).  However, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations."  *M.J.M. v. M.L.G.*, 63 A.3d 331, 336 (Pa. Super. 2013).

Moreover, Section 5327 states, *inter alia*, that:  "[i]n any action regarding the custody of the child between a parent of the child and a nonparent, there shall be a presumption that custody shall be awarded to the

parent. The presumption in favor of the parent may be rebutted by clear and convincing evidence." 23 Pa.C.S. § 5327(b). The clear and convincing standard of evidence means "testimony that is so clear, direct, weighty, and convincing so as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue." *In re B.C.*, 36 A.3d 601, 605–06 (Pa. Super. 2012).

In a custody dispute between a parent and a third party, the paramount question continues to be: what is in the best interest of the child? *McDonel v. Sohn*, 762 A.2d 1101, 1107 (Pa. Super. 2000). However, the evidentiary scale is tipped hard to the parents' side, and trial court must "decide whether the evidence on behalf of the third party is weighty enough to bring the scale up to even, and down on the third party's side." *Id.* (quoting *Ellerbe v. Hooks*, 416 A.2d 512, 513-14 (Pa. 1980)).

As stated above, we review Father's arguments particularly recognizing that "we are bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." *Saintz, supra* at 512.

## Trial Court Properly Awarded Primary Physical Custody to Maternal Grandparents

In his first issue, Father avers that the Maternal Grandparents, as a third party, failed to present clear and convincing evidence to overcome the

statutory presumption in favor of Father. Father's Brief at 9. Father argues that the evidence presented by Maternal Grandparents was "unclear and tenuous" in light of contradictory and inconsistent testimony. *Id.* at 10. Father is essentially challenging the trial court's credibility and weight of the evidence determinations.

While Father argues that contradictory and inconsistent testimony cannot meet the clear and convincing burden, he fails to cite any case law to support this. Contrary to his assertion, "we defer to the findings [of] the trial judge" on the issues of credibility and weight of the evidence. *Saintz, supra* at 512 (quotation and citation omitted). Moreover, "we are bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." *Id.*

On the record, prior to issuing its Custody Order, the trial court considered the sixteen custody factors enumerated in Section 5328. The trial court found that a majority of the factors, namely ten total, were in favor of awarding primary custody to Maternal Grandparents. Notably, the trial court did not find any factors to be in favor of Father. Additionally, the trial court found six factors to be either neutral or not applicable to the instant case.[3]

_____

[3] The court also properly considered the relevant relocation factors set forth in 23 Pa.C.S. § 5337(h). *See D.K. v. S.P.K.*, 102 A.3d 467, 468, 477 (Pa. Super. 2014) (stating that in a custody case where neither parent is relocating

Specifically, the trial court found that Maternal Grandparents: (1) are more likely to encourage and permit frequent and continuing contact between Child and Father; (2) are more likely to perform the parental duties on behalf of Child; (3) are more likely to provide stability and continuity in Child's life; (4) have more extended family in close proximity; (5) are more likely to maintain a loving, stable, consistent, and nurturing relationship with Child; (6) are more likely to attend to the daily physical, emotional, developmental, educational, and special education needs of Child; and (7) are more likely to be available to care for Child or make appropriate child care arrangements. N.T. Hearing, 10/13/17, at 19-31. The trial court also found that Child was emotionally closer to siblings that lived in Maternal Grandparents home and that the location of the Maternal Grandparents' home was favored over the location of Father's home. *Id.*

Further, the trial court found the following "other relevant factors" to weigh in favor of Maternal Grandparents: (1) Child only knows Father through phone calls and does not know her siblings that live with Father; (2) Father chose to move across the country and hasn't "stepped up even for visits back

---

but the child stands to move to a significantly distant location, the trial court should consider the relevant relocation factors set forth in Section 5337(h), that are not otherwise encompassed by the Section 5328 custody factors, in order to determine what disposition is in the best interest of the child). Father has not raised an issue regarding the trial court's consideration of the Section 5337(h) relocation factors.

here to be more active and involved in [Child]'s life;" (3) Father is not familiar with Child's special needs, including her I.E.P.; (4) Child has improved socially and educationally under the care of Maternal Grandparents; (5) Maternal Grandmother is able to foster a healthy relationship between Child and Mother that is beneficial to Child and Mother's infant; and (6) Maternal Grandparents have taken Child for visits with Maternal Great-Grandparents, which has been beneficial for Child, despite a strained relationship between the adults. *Id.* at 27-31. Finally, the trial court found that it was in Child's best interest to remain in the care and custody of the Maternal Grandparents. *Id.* at 20. Our review of the record supports the trial court's conclusions.

As stated above, we defer to the findings of the trial court on issues of credibility and weight of the evidence. *Saintz, supra* at 512. Our review of the record supports the trial court's findings, and, thus, we conclude that the trial court did not abuse its discretion when it analyzed the Section 5328 custody factors, determined that Maternal Grandparents had presented clear and convincing evidence to overcome the statutory presumption in favor of custody to Father, and determined that awarding primary physical custody of Child to Maternal Grandparents was in Child's best interest.

**Trial Court Properly Considered Statutory Presumption in Favor of Parent**

In his next issue, Father avers that the trial court failed to apply the statutory presumption in favor of a parent, which applies to custody disputes

involving parents and third parties, because the trial court failed to reference the statutory presumption on the record or in its 1925(a) Opinion. Father's Brief at 6. Father also asserts that the trial court failed to articulate with specificity which clear and convincing evidence rebutted the statutory presumption in favor of Father. *Id.* Father's arguments lack merit.

In his Brief, Father, once again, fails to cite any case law or statute that requires a trial court to place the statutory presumption in favor of a parent on the record in a custody dispute between a parent and a third party. On the contrary, this Court has affirmed a comparable custody decision when the trial court did not explicitly state that it applied a statutory presumption in favor of a parent when weighing the evidence, but the custody order was appropriate when reviewed under the statutory presumption. *See McDonel, supra* at 1108 n.6.

Moreover, Father fails to cite any case law or statute that requires a trial court to articulate with specificity which clear and convincing evidence tipped the scale, or "is weighty enough to bring the scale up to even, and down on the third party's side." *Id.* at 1107 (quotation and citation omitted). Rather, as stated above, it is well settled that a court need only state its reasons for its decision either on the record in open court or in a written opinion. *See S.W.D., supra* at 401. Notably, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are

considered and that the custody decision is based on those considerations."

***M.J.M., supra*** 336.

Instantly, our review of the record indicates that the court gave its reasons for its decision on the record in open court and the Order was appropriate when reviewed under the statutory presumption in favor of a parent. Accordingly, Father's second issue is devoid of merit and, thus, no relief is warranted.

In conclusion, our review of the record indicates that the trial court did not abuse its discretion when it determined that an award of primary physical custody to Maternal Grandparents was in Child's best interest.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/18