J-S25016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.G.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.G.C. | : | |
| | : | |
| Appellant | : | No. 186 MDA 2020 |

Appeal from the Order Entered January 6, 2020
In the Court of Common Pleas of York County Civil Division at No(s):
2014-FC-00306-03

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                          **FILED JULY 08, 2020**

Appellant, A.G.C. ("Mother"), appeals from the January 6, 2020 Order that awarded her shared legal custody and partial physical custody of S.B. ("Child").  Upon review, we affirm.

Mother and D.G.B. ("Father") are parents to eight-year-old Child.  Since Father's initial Complaint for Custody in 2014, the parties have been involved in a highly litigious custody battle, and have regularly appeared in court to dispose of various petitions for modification, contempt, and relocation. Relevant to this appeal, the parties shared legal and physical custody of Child until September 17, 2018, when the trial court denied Mother's Petition for Relocation from York County to Bucks County to move in with her fiancé and continue cancer treatments in the surrounding area.  After Mother testified that she planned to move to Bucks County regardless of whether the court granted her permission, the trial court denied the Petition.  The trial court

awarded Father primary physical custody and Mother partial custody every other weekend during the school year;[1] the trial court ordered the parties to share 50/50 physical custody during the summer months.

At the end of September 2018, Mother moved to Bucks County. Because Mother and Father lived in different school districts, Mother's move compelled Child to switch to Father's school district mid-year. Child initially experienced anxiety, but made new friends and engaged in school activities after a few months.

In March 2019, Mother moved back to York County to stay with friends after finishing cancer treatment and breaking up with her fiancé. In May 2019, Mother obtained housing in York County and began working as a behavioral specialist for children.

Father lives with Child, his fiancé, and her daughter in York County. Father is employed as a Radiation Protection Manager at Exelon, where he has worked for over 20 years.

On August 23, 2019, Mother filed a Petition for Modification of a Custody Order and Petition for Contempt requesting 50/50 physical custody of Child and alleging that Father had violated the current custody Order. On September 18, 2019, during custody conciliation, Father agreed to increase

_____

[1] The trial court awarded Mother partial custody of Child on the first, third, and, if applicable, fifth weekend of every month from Friday evening until Sunday evening.

Mother's custodial time by extending Mother's weekend visitation until Monday mornings.

On January 2, 2020, the trial court held a hearing on Mother's Petition and heard testimony from Mother, Mother's friend C.K., Father, and Child.

In sum, Mother testified that she moved back to York County immediately after her cancer treatment ended, signed a one-year lease on a two-bedroom apartment, obtained employment, and intends to stay in York County. N.T. Hearing, 1/2/20, at 21-23, 26, 29. Mother stated that she and Child are "really close" and enjoy crafts and cooking together. *Id*. at 34-35. Mother explained that Child has focus issues in school and struggles with writing and spelling. *Id*. at 39-42. Mother testified that she schedules and transports Child to routine medical appointments. *Id*. at 43-46. Mother testified that Child often misses scheduled phone calls with her when she is with Father during the week. *Id*. at 47-49. Mother stated that she primarily communicates with Father through text message, acknowledged that their communication could be better, and says she often feels pushed aside by Father and his new "family." *Id*. at 50. Finally, Mother testified that she is stable and would like to have 50/50 shared physical custody of Child. *Id*. at 62-63.

C.K. testified that she has known Mother for 5 years and has observed a loving, happy relationship between Mother and Child. *Id*. at 128-132.

Father testified that it look Child a few months to adapt after Mother moved away but she is currently happy, doing well at school, and involved in

multiple activities including horseback riding. *Id*. at 97. Father stated that he worked with Child's teacher to implement a reward system, Child is currently at grade level in all subjects, Child loves math and science, and he set up a laboratory in the basement to do science projects with Child. *Id*. at 100-101, 110, 115. Father stated that he did not want Mother to have 50/50 shared physical custody at this time because he is concerned about Mother's lack of stability and its negative effect on Child; Mother has moved six times and has had eight or nine different jobs in the past five years. *Id*. at 104, 118-120. Father is also concerned that Mother will petition the court to move Child from her current school district and that they will be back in court for the eighth time in five years. *Id*. at 105-106.

Child testified that she has 41 friends in school, likes to play laser tag when she is at Father's house, likes to play with the dogs at Mother's house, is happy the way things are, and she did not want to change anything. *Id*. at 12, 16-17.

After the hearing, the trial court confirmed the September 2018 Order and kept the existing custody arrangement in place "except that Mother now has the extra Monday mornings that Father agreed to at the conciliation conference." Order, 1/6/20.

Mother timely appealed. Mother and the trial court both complied with Pa.R.A.P. 1925.

Mother raises the following issues for our review:

I.     Whether the trial court erred as a matter of law and/or abused its discretion in finding that it is not in the minor child's best interest for the parties' to exercise an equally shared custody schedule and, as part of that finding, whether the court abused its discretion in finding that the following custody factors favored father: i. Factor 5328(a)(1); ii. Factor 5328(a)(4); iii. Factor [5328](a)(9); iv. Factor 5328(a)(10); and v. Factor 5328(a)(13).

II.    Whether the trial court erred as a matter of law and/or abused its discretion in limiting Mother's testimony to events occurring after the September trial while allowing Father to testimony about occurrences that took place prior to the September trial.

Mother's Br. at 4 (some capitalization omitted).

"We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014).  This Court must accept the findings of the trial court that the evidence supports.  *Id*.  Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses."  *K.T. v. L.S.*, 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted).  We can interfere only where the "custody order is manifestly unreasonable as shown by the evidence of record."  *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted),

The Custody Act requires a trial court to consider all of the Section 5328(a) custody factors when "ordering any form of custody."  23 Pa.C.S. § 5328(a).  A trial court must "delineate the reasons for its decision when

- 5 -

making an award of custody either on the record or in a written opinion." **S.W.D.**, 96 A.3d at 401. **See also** 23 Pa.C.S. § 5323(a) and (d).

When reviewing child custody matters and the trial court's consideration of the Section 5328(a) factors, our paramount concern is the best interests of the child. **Saintz** 902 A.2d at 512. "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being. **D.K.D. v. A.L.C.**, 141 A.3d 566, 572 (Pa. Super. 2016) (citations omitted).

In her first issue, Mother avers that the trial court abused its discretion when it found, without evidentiary support in the record, that five Section 5328(a) custody factors favored Father instead of Mother. Mother's Br. at 16-17. Specifically, Mother challenges the trial court's findings concerning custody factors 1, 4, 9, 10, and 13. **Id**. at 18-27. The statute defines those factors as follows:

> (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>
> \* \* \*
>
> (4) The need for stability and continuity in the child's education, family life and community life.
>
> \* \* \*
>
> (9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.
>
> (10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

* * *

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

23 Pa.C.S. § 5328(a)(1), (4), (9), (10), (13).

Although Mother asserts that the evidence in the record does not support the trial court's findings, her claims essentially challenge the weight of the evidence and the trial court's credibility determinations.

Mother first avers that the trial court erred when it found Father more likely to encourage and permit frequent and continuing contact with Child under custody factor 1. Mother's Br. at 18. Mother argues that the trial court based its finding solely on Father's agreement to allow Mother extra weekend time with Child, while ignoring Mother's evidence that Child misses phone calls with her while in Father's custody. *Id*.

In her challenge to custody factor 4, Mother concedes that Father is stable, but asserts that the trial court overlooked evidence that Mother maintained employment and housing for almost a year when the court found that Father promotes "stability and continuity" in Child's life. *Id*. at 19.

Mother next argues that, in evaluating custody factor 9, the trial court erred when it found that Father was more likely to maintain a loving, stable, consistent, and nurturing relationship with Child. *Id*. at 21. Mother asserts that the trial court focused on the fact that Mother moved to Bucks County with "suspect" motivations to be with her fiancé, rather than the fact that

Mother returned to York County as soon as her cancer treatment was complete. *Id*.

Mother likewise challenges the trial court's finding that Father is more likely to meet Child's daily needs under custody factor 10. *Id*. at 24. Mother contends that the trial court abused its discretion when it concluded that Mother is "actively seeking to find something wrong" with Child, and argues that the trial court concentrated on Father's testimony that Child is at grade level rather than Mother's evidence demonstrating that Child is struggling with writing, spelling, and behavioral issues. *Id*. at 24.

Finally, Mother avers that the trial court abused its discretion when it found Mother's testimony to be less credible than Father's testimony regarding the level of conflict between the parties and, consequently, concluded that custody factor 13 favored Father. *Id*. at 25.

As stated above, all of Mother's arguments raise challenges to the weight of the evidence or the trial court's credibility determinations. Our review of the record belies Mother's claim that the trial court's findings are unsupported in the record. We decline to reweigh the evidence or usurp the trial court's credibility determinations.

After considering all of the custody factors, the trial court declined to award Mother shared physical custody, finding that Mother's constant moving showed a lack of stability and finding Mother's testimony not credible at times. The trial court opined:

The court remains unconvinced that Mother has demonstrated a consistent living arrangement over the years[.] The constant moving back and forth from York County is not in [] Child's best interest and creates great instability and lack of assurance for a young child. . . . The court heard testimony from [] Child that she has good relationships with both Mother and Father, and based on all of the evidence presented at the time of the custody trial, along with the credibility of the witnesses, this [c]ourt found – and still finds – that is most appropriate and in the best interest of [] Child that, during the school year, primary physical custody remain with Father and partial physical custody remain with Mother with the parties sharing physical custody of [] Child over the summer. . . This court's judgment is neither manifestly unreasonable nor the product of partiality, prejudice, bias, or ill will. The [c]ourt's decision is consistent with the weight of the evidence provided at trial[.]"

Trial Ct. Op., filed 2/24/20, at 11-12 (some capitalization omitted). We agree and find no abuse of discretion.

In her second issue, Mother avers generally that the trial court erred in limiting testimony from Mother. Mother's Br. at 27. Mother first raised the issue in her Pa.R.A.P. 1925(b) Statement, alleging that the trial court "erred in permitting Father's testimony regarding facts or occurrences that were alleged to have occurred prior to the entry of the parties' prior Order dated September 17, 2018, while limiting similar testimony from Mother." Rule 1925(b) Statement at ¶5(b). In its responsive Opinion, the trial court declined to address this issue and found the statement of error to be "ambiguous and unclear in that Mother has not specifically stated which testimony she is referring to in [this allegation]." Trial Ct. Op. at 11.

The Rules of Appellate Procedure provide that a Rule 1925(b) Statement "shall concisely identify each ruling or error that the appellant intends to

challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Further, issues "not raised in accordance with the provisions of this [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii). When a Rule 1925(b) Statement is "too vague to allow the court to identify the issues raised on appeal[, it] is the functional equivalent of no Concise Statement at all" and waiver is appropriate. *In re A.B.*, 63 A.3d 345, 350 (Pa. Super. 2013).

Instantly, because Mother's Rule 1925(b) Statement was vague, the trial court was unable to identify and address the issue. Accordingly, we find this issue to be waived.

In conclusion, the record supports the trial court's finding that it was in Child's best interest to award the parties shared legal custody, Father primary physical custody, and Mother partial physical custody. Accordingly, we find no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/08/2020