J-A19002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOEL MARTINEZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRITTANY ROSE BENNETT | : | |
| | : | |
| Appellant | : | No. 257 EDA 2021 |

Appeal from the Order Entered December 24, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2015-62059

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

JUDGMENT ORDER BY DUBOW, J.:                    Filed: August 5, 2021

Appellant, Brittany Rose Bennett ("Mother"), appeals from the December 24, 2020 Order that, *inter alia*, awarded Appellee, Joel Martinez ("Father"), sole legal and physical custody of the parties' child, eight-year-old J.M. ("Child").   Because the trial court failed to engage in a mandatory assessment of the 23 Pa.C.S. § 5328 custody factors prior to the notice of appeal deadline, we are constrained to vacate the Custody Order and remand this case for further proceedings.

A detailed recitation of the procedural and factual history is unnecessary to our disposition.   Mother and Father were married for approximately two years and are parents to Child.   On December 23, 2015, the parties entered a Custody Stipulation that awarded both parties shared legal custody of Child,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Mother primary physical custody, and Father partial physical custody every weekend. On November 6, 2019, Father filed an Emergency Petition to Modify Custody Order ("Petition to Modify") averring that Mother and Child were moving in with a convicted sex offender and seeking sole legal and physical custody of Child. On December 24, 2020, after a two-day hearing, the trial court granted Father's Petition to Modify and awarded father sole legal and physical custody of Child. This timely appealed followed.

Mother raises a dispositive issue for our review: "Whether the trial court erred and committed an abuse of discretion by failing to address the custody factors as outlined in Pa.C.S.[] § 5328(a) in reaching its final custody determination." Mother's Br. at 9.

The Child Custody Act, 23 Pa.C.S. §§ 5321-40, requires a trial court to consider all of the Section 5328(a) custody factors when "ordering any form of custody[.]" 23 Pa.C.S. § 5328(a). A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." **S.W.D. v. S.A.R.**, 96 A.3d 396, 401 (Pa. Super. 2014). **See also** 23 Pa.C.S. § 5323(a), (d). Notably, this court has repeatedly held that "[S]ection 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen Section 5328 custody factors **prior to the deadline by which a litigant must file a notice of appeal**." **C.M. v. M.M.**, 215 A.3d 588, 592 (Pa. Super. 2019) (citations omitted; emphasis added). "To hold that the trial court may withhold its reasoning unless and until it issues a Rule

1925(a) opinion would be to flout the legislative will." ***C.B. v. J.B.***, 65 A.3d 946, 952 (Pa. Super.  2013).

Instantly, the trial court modified custody but failed to address the Section 5328 custody factors on the record or in a written opinion prior to the appeal deadline.  Notably, the trial court did address the Section 5328 custody factors in its Rule 1925(a) Opinion, but this does not cure the defect.  In fact, the trial court concedes its error and requests that we remand the case to allow the court to properly address the Section 5328 custody factors.  Trial Ct. Op., dated 3/8/21, at 7.  We are constrained to agree with this disposition.

Accordingly, we vacate the December 24, 2020 Custody Order and remand this matter for further proceedings. The trial court shall immediately enter an interim custody order.  The trial court shall enter a final custody order based on its consideration and assessment of the Section 5328 custody factors within 30 days of this Judgment Order.  Finally, the trial court shall delineate on the record or in a written opinion the reasons for its decision—including consideration of the Section 5328 custody factors—prior to the deadline by which a party must file a notice of appeal.  In light of our disposition, we decline to address Mother's remaining issues.

Order vacated.   Case remanded with instructions.   Jurisdiction relinquished.  Case stricken from argument list.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/21