J-S47008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| K.A.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.W.C. | : | |
| | : | |
| Appellant | : | No. 637 MDA 2019 |

Appeal from the Order Entered March 27, 2019
In the Court of Common Pleas of York County Civil Division at No(s):
2018-FC-001927-03

BEFORE: DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 25, 2019**

Appellant, J.W.C. ("Father"), appeals from the March 27, 2019 Order that, *inter alia*, awarded Appellee, K.A.C. ("Mother"), sole legal and physical custody of the parties' children, 5-year-old G.C. ("Child") and 3-year-old H.C (collectively, "Children"). Because the trial court failed to engage in a mandatory assessment of the 23 Pa.C.S. § 5328 custody factors prior to the notice of appeal deadline, we are constrained to vacate the part of the Order that addresses custody and remand this case for further proceedings.

A detailed factual and procedural history is unnecessary to our disposition. Briefly, Father and Mother married in August 2012 and are the parents of Children, who were born during the marriage. The parties separated in March 2017 after Child disclosed to Mother that Father sexually abused her. Custody Complaint, 9/24/18, at ¶19. On September 24, 2018, Mother filed a Complaint for Divorce and Custody alleging that Father sexually

abused Child and requesting that the trial court grant Mother sole legal and physical custody of Children.

On October 19, 2018, after a custody conciliation conference, the trial court entered an Interim Order for Custody granting the parties shared legal custody, Mother primary physical custody, and Father supervised visitation every Saturday from 3:00 PM to 7:00 PM.

On March 20, 2019, the trial court held a hearing on Mother's Complaint for Custody. At the beginning of the hearing, the parties submitted a signed Stipulation of Facts to the trial court.[1] N.T. Hearing, 3/20/19, at 3. Mother testified on her own behalf and called the following witnesses: Jami Dumler, Licensed Social Worker at Pennsylvania Counseling; S.A., Children's maternal grandmother; and O.A, Children's maternal aunt. Father testified on his own behalf.

At the conclusion of the hearing, the trial court informed parties that it was going to "dictate an opinion" and stated the following on the record:

> It is the opinion of this Court, based on credible testimony provided from [Child]'s therapist, mother, maternal grandmother, and [Child], and I have no doubt that Father has sexually abused Child.
>
> In addition to [Child]'s own disclosure of sexual abuse to me, credible testimony was provided that [Child] has exhibited a multitude of symptoms of sexual abuse including the following:
>
> Initiating sex acts with other children; describing sex acts she should have no knowledge of; playing out sexually activities with dolls; drawing out sexual scenes, particularly private parts on

---

[1] We are not able to locate this Stipulation of Facts in the certified record.

people; aggressive masturbation; asserting objects into her vagina; urinary accidents and potty training regression; encopresis; nightmares; night terrors; and recurrent fear based dreams; dramatic changes in behavior, particularly her fear of Father in clinging to Mother at custody exchanges; [Child]'s explosive anger and aggression; and [Child] showing fear of places or events with little explanation.

For example, her fear of being left alone with her therapist; or her fear of being left alone with me when I was getting ready to interview her in chambers.

And another example is when she threw-up on herself at a custody exchange with Father.

Individually these symptoms may not necessarily be an indication of sexual abuse, but viewed together they have convinced me [Child] has been abused.

Because this [c]ourt is making a finding of sexual abuse against Father, and I believe it is the only significant factor in this case, and I'm not going to review any other custody factors because they have no weight when compared with this finding of abuse.

This finding of abuse necessitates that I grant sole legal and physical custody to mother, and I'm very sorry that the system has failed [Child] to this point.

N.T. Hearing, 3/20/19, at 168-170; Trial Ct. Op., filed 3/27/19, at 1-3.  On March 27, 2019, the trial court issued an Order that, *inter alia*, granted sole legal and physical custody of Children to Mother and ordered Father to have no contact with Children.[2]

Father timely appealed and filed a contemporaneous Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) ("Concise Statement").  In his Concise Statement, Father asserted*, inter alia*,

---

[2] The Order also found Father in contempt for violating the terms of the Interim Order for Custody.

that the trial court "erred and abused its discretion by failing to make findings under each of the 16 child custody factors [pursuant to 23 Pa.C.S. 5328]." Concise Statement, 4/22/19, ¶3. In response, the trial court issued a Rule 1925(a) Opinion that addressed the Section 5328 custody factors.

Father raises the following issue for our review: "Whether the [c]ourt erred and abused its discretion by awarding Mother sole legal and physical custody of [Children] by concluding that Father sexually abused [Child] and that such finding over-rules [*sic*] all other factors." Father's Brief at 5.

This Court reviews a custody determination for an abuse of discretion. *In re K.D.*, 144 A.3d 145, 151 (Pa. Super. 2016). We will not find an abuse of discretion "merely because a reviewing court would have reached a different conclusion." *Id.* (citation omitted). Rather, "[a]ppellate courts will find a trial court abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias or ill will." *Id.*

Further, our scope of review is broad, but we are "bound by findings supported in the record, and may reject conclusions drawn by the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted). Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has

had the opportunity to observe the proceedings and demeanor of the witnesses." ***K.T. v. L.S.***, 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted). We can only interfere where the "custody order is manifestly unreasonable as shown by the evidence of record." ***Saintz***, 902 A.2d at 512 (citation omitted).

It is well settled that "[t]he paramount concern in child custody cases is the best interests of the child." ***C.G. v. J.H.***, 193 A.3d 891, 909 (Pa. 2018). "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." ***M.J.N. v. J.K.***, 169 A.3d 108, 112 (Pa. Super. 2017).

The Child Custody Act, 23 Pa.C.S. §§ 5321-5340, requires a trial court to consider all of the Section 5328(a) best interests factors when "ordering any form of custody." 23 Pa.C.S. § 5328(a). A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." ***S.W.D. v. S.A.R.***, 96 A.3d 396, 401 (Pa. Super. 2014). ***See also*** 23 Pa.C.S. § 5323(a), (d). However, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." ***M.J.M. v. M.L.G.***, 63 A.3d 331, 336 (Pa. Super. 2013). Notably, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen Section 5328 custody factors prior to

- 5 -

the deadline by which a litigant must file a notice of appeal." **C.M. v. M.M.**, 2019 PA Super 216, *4 (filed July 12, 2019), quoting **C.B. v. J.B.**, 65 A.3d 946, 955 (Pa. Super. 2013).

In his Brief, Father argues that the trial court erred by failing to consider all of the Section 5328 custody factors prior to issuing a Rule 1925(a) Opinion. Father's Brief at 13. We are constrained to agree.

Our review of the record reveals that the trial court only considered one of the Section 5328 custody factors when it made its custody decision. In fact, the trial court conceded this when it stated the following on the record and in a written Opinion: "Because this [c]ourt is making a finding of sexual abuse against Father, and I believe it is the only significant factor in this case, and I'm not going to review any other custody factors because they have no weight when compared with this finding of abuse." N.T. Hearing, 3/20/19, at 170; Trial Ct. Op., filed 3/27/19, at 3. As noted above, the trial court must engage in a "mandatory assessment of the sixteen Section 5328 custody factors prior to the deadline by which a litigant must file a notice of appeal." **C.M., supra** at *4. Thus, it is of no moment that the trial court considered the Section 5328 custody factors in its Rule 1925(a) Opinion, after Father filed his Notice of Appeal.

Accordingly, we vacate the portion of the March 27, 2019 Order that addresses custody, and remand this matter for further proceedings. The trial court shall immediately enter an interim custody order. The trial court shall

review the record, incorporating evidence from the March 20, 2019 custody hearing and the parties' Stipulation of Facts. If, after reviewing the record, the trial court needs additional evidence on discrete issues, the trial court shall schedule a hearing for that limited purpose. The trial court shall ensure that the parties' Stipulation of Facts is included in the certified record. The trial court shall enter a final custody order based on its consideration and assessment of the Section 5328 custody factors within 30 days of this Memorandum or, if an evidentiary hearing is scheduled, within 30 days of the conclusion of the hearing. Finally, the trial court shall delineate on the record or in a written opinion the reasons for its decision—including consideration of all of the Section 5328 custody factors—prior to the deadline by which Father must file a notice of appeal.[3]

Order vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2019

---

[3] In light of our disposition, we decline to address Father's remaining arguments.