J-S17020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| T.S.K. | : | IN THE SUPERIOR COURT | |
| | : | OF PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| D.M.K. | : | No. 1983 MDA 2019 | |

Appeal from the Order Entered November 5, 2019
In the Court of Common Pleas of Fulton County
Civil Division at No:  301-2015-C

BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 30, 2020**

T.S.K. ("Father") appeals *pro se* from the order entered November 5, 2019, in the Court of Common Pleas of Fulton County, which dismissed with prejudice his "Petition to Correspond with Minor Child by Means of U.S. Mail." After careful review, we dismiss Father's appeal due to his substantial failure to comply with our Rules of Appellate Procedure.

This appeal stems from a child custody case involving D.M.K. ("Mother") and the parties' minor daughter, A.L.K. ("Child"), born in May 2011.  Mother and Father are former spouses who married in 2012 and separated in 2015.[1] N.T., 12/21/18, at 111-12.  Mother commenced a Protection From Abuse ("PFA") action against Father, resulting in a final PFA order entered September 15, 2015.  Father filed a child custody complaint on the same day that the trial court entered its PFA order.  However, in 2016, Father was charged with

_____

[1] The parties divorced at a time unspecified in the record.

myriad criminal offenses related to his alleged sexual abuse of two girls. *Id.* at 16, 30. Mother alleged that Father had also abused her, in that he began a sexual relationship with her when he was an adult and she was only twelve years old. *Id.* at 107-09. This resulted in additional charges against Father. *Id.* at 30. Ultimately, a jury convicted Father of one set of charges, the second set of charges was "thrown out," and Father pled guilty to the third set of charges involving Mother. *Id.* at 16, 30-35. Father received a sentence of incarceration and will not be released until June 2039 at the earliest. *Id.* at 39.

Meanwhile, the trial court entered a series of child custody orders, which concluded with the order entered April 5, 2018. Pursuant to these orders, Mother received sole legal and physical custody of Child, and Father received the ability to send Child correspondence while incarcerated. Father filed a *pro se* petition for modification of custody on June 15, 2018, in which he requested regular visits and telephone calls with Child. On December 21, 2018, while the petition for modification remained pending, Father filed a *pro se* petition for contempt. He alleged that Mother was in contempt of the September 15, 2015 PFA order. Specifically, he alleged that Mother violated the provision of the PFA order prohibiting either party from relocating without complying with the procedures set forth at 23 Pa.C.S.A. § 5337. Mother filed an answer to the petition for contempt on January 23, 2019.

On January 24, 2019, the trial court entered a final custody order, which awarded Mother sole legal and physical custody of Child, and provided Father

with "the right to send the child written correspondence, drawings, and gifts." Order, 1/24/19, at 1. The order also directed that Mother initiate a plan to enroll Child in therapy, in order to prepare Child for future communication with Father, among other things.[2] The court entered a separate order on April 16, 2019, finding that Mother was not in contempt. Father appealed the contempt order and a prior panel of this Court affirmed on September 23, 2019. **T.S.K. v. D.M.K.**, 221 A.3d 1278 (Pa. Super. 2019) (unpublished memorandum).

Father filed another *pro se* petition for contempt on April 17, 2019. This time, Father alleged that Mother had failed to provide him with documents demonstrating that she was compliant with the therapy provision contained in the order of January 24, 2019. Mother filed preliminary objections on May 8, 2019. The trial court entered an order on May 21, 2019, finding that Mother was not in contempt.[3] Father attempted to appeal that order as well, but, due to an unexplained error, no appeal took place.[4]

---

[2] Father filed a *pro se* "Response to Courts [*sic*] Order" on February 28, 2019, which the trial court treated as an improper motion for post-trial relief and denied.

[3] Father filed a *pro se* response to Mother's preliminary objections on May 28, 2019, after the trial court had already found Mother not in contempt.

[4] Our review of the record reveals that Father timely filed a *pro se* notice of appeal on May 31, 2019, stating explicitly that he intended to appeal the May 21, 2019 order. He also attached a concise statement of errors complained of on appeal, challenging the May 21, 2019 finding of no contempt against Mother. Curiously, however, the trial court issued an opinion on May 31, 2019, stating that it was in receipt of Father concise statement filed "May 30, 2019," that Father's concise statement related to his prior appeal from the April 16,

- 3 -

The events culminating in Father's current appeal began on October 23, 2019, when he filed a *pro se* pleading entitled, "Petition to Correspond with Minor Child by Means of U.S. Mail." Father averred that he was experiencing difficulty contacting Child because Mother moved out of her prior residence, which belonged to Child's maternal grandmother, and that the correspondence he was sending to the prior residence was "occasionally being returned as undeliverable." Petition to Correspond with Minor Child by Means of U.S. Mail, 10/23/19, at 1 (unnumbered pages). He requested that the trial court direct Mother to either provide him with a new address or open a post office box to which he could send correspondence for Child.

The trial court entered a rule to show cause order on October 29, 2019, directing Mother to file an answer within twenty days. Mother complied by filing an answer on October 31, 2019. Mother asserted that her address is confidential pursuant to Pennsylvania's child custody law. **See** 23 Pa.C.S.A. § 5336(b)(1) ("The court shall not order the disclosure of . . . [t]he address of a victim of abuse."). However, she averred that Father had been sending correspondence to her prior residence, where Child's maternal grandmother continued to reside.[5] She suggested that some of Father's correspondence

2019 order, and that the May 21, 2019 order, was "not currently subject to appellate review." Trial Court Opinion, 5/31/19, at 1-3 (unnumbered pages).

[5] Mother testified during the parties' prior custody proceedings that she moved out of the maternal grandmother's residence in 2017 but that she continued to receive Father's letters and read them to Child. N.T., 12/21/18, at 154, 188-93.

had been returned due to problems with the prison mail system, or because he had transposed the numbers in the maternal grandmother's address. The court dismissed Father's petition with prejudice on November 5, 2019. Father timely filed a *pro se* notice of appeal on November 25, 2019, along with a concise statement of errors complained of on appeal.

Before considering the merits of Father's appeal, we must first address his failure to comply with our Rules of Appellate Procedure. Father did not file an appellant's brief in this Court. Instead, he filed a two-page document entitled, "Amendment to [Pa.R.A.P.] 1925(b) in Response to the Courts [*sic*] 1925(a)(1) Opinion," accompanied by various exhibits, including an envelope addressed to Child with a "Return to Sender" sticker. This document, which Father apparently intended to serve as an amended concise statement, fails to comply with our Rules regarding briefs. **See** Pa.R.A.P. 2111-2135 (listing the requirements for an appellant's brief). This Court has emphasized that an appellant's *pro se* status does not excuse him or her from compliance with our Rules. **See S.S. v. T.J.**, 212 A.3d 1026, 1032 (Pa. Super. 2019) ("[*P*]ro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.") (quotation marks and citations omitted). Because Father's failure to comply is substantial, and impairs our ability to conduct meaningful appellate review, we conclude that we must dismiss his appeal. **See** Pa.R.A.P. 2101 ("[I]f the defects are in the brief . . . of the appellant and are substantial,

the appeal or other matter may be quashed or dismissed."); *Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 584 (Pa. Super. 2014) ("When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Even if we were to attempt to reach the merits of Father's appeal, we would conclude that he is not entitled to relief and affirm the November 5, 2019 order. Our standard of review is as follows:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*V.B. v. J.E.B.*, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citations omitted).

Father's "Petition to Correspond with Minor Child by Means of U.S. Mail" was, in effect, a petition for modification of custody requesting modification of a discrete and ancillary custody issue. *See S.W.D. v. S.A.R.*, 96 A.3d 396, 403 (Pa. Super. 2014) (providing examples of discrete and ancillary custody issues, including "a dispute over a custody-exchange location; which youth sports the children should play; or whether a parent should be required to have children's toys, beds, or other things in his or her house.") (footnote

omitted). A trial court may grant a petition for modification of a discrete and ancillary custody issue if doing so would be in the child's best interest. ***Id.*** at 402-03.

In its opinion, the trial court explained its decision to dismiss Father's petition as follows, in relevant part:

> . . . . The issue is whether or not this court was justified in denying [Father's] petition for a mailing address. The trial court notes that [Father] did not attach any documents proving that the letters, cards and any other mailing he is sending the child are being returned to him as undeliverable. Surely if his mail was being rejected, or not being delivered to the address where he has been mailing documents, he would be in possession of the returned mailings or he could provide specific dates of when documents were returned to him. His petition is lacking in that regard. [Mother] does not agree with [Father's] assertion that she is not receiving mail or sharing it with the child and stated that in her answer.
>
> Essentially this court is of the opinion that [Father] does not like the terms of the court's custody order which limits his contact and that of his immediate and extended family with the child. [Father's] petition contains statements that reveal his dislike of the custody order.
>
> The court could see no reason to subject [Mother] and/or the child to a hearing where [Father] fails to plead with specificity the number of items that he has mailed and have been returned. If he had identified a significant quantity of his mailings as being returned by the United States Postal [Service], that would prompt this court to schedule a hearing and afford him the opportunity to provide evidence in support of his claims. Without any facts plead to support his claims, the court is warranted in denying his request for a hearing.

Trial Court Opinion, 12/10/19, at 3-4 (unnumbered pages) (citations omitted).

We conclude that the trial court did not abuse its discretion or commit an error of law, although our reasoning differs from that in the court's opinion.

*See R.M. v. J.S.*, 20 A.3d 496, 506 n.8 (Pa. Super. 2011) ("If we determine that the trial court ruling is correct, we can affirm on any basis supported by the record."). As we explained above, Father's "Petition to Correspond with Minor Child by Means of U.S. Mail" requested that the court direct Mother to provide him with an address so that he could send correspondence to Child. However, it is clear that Father already had an address for Child, to which he was already sending correspondence. Father was sending correspondence to Mother's prior residence, where Child's maternal grandmother continued to reside. During the parties' contempt proceedings, on April 2, 2019, Father testified that he had sent twenty-six or twenty-seven letters for Child to the residence during the previous six months, and that only two or three of those letters were returned. N.T., 4/2/19, at 10. Father filed the subject petition just over six months later, on October 23, 2019. Father's petition indicated that the circumstances remained unchanged since the contempt proceedings, in that he was continuing to send correspondence for Child to the maternal grandmother's residence, and this correspondence was being returned only "occasionally." Petition to Correspond with Minor Child by Means of U.S. Mail, 10/23/19, at 1 (unnumbered pages). Therefore, Father's petition was plainly frivolous and it was within the trial court's discretion to dismiss it.[6]

_____

[6] In her appellee brief, Mother suggests that Father's correspondence is being returned because he occasionally transposes the numbers in the maternal grandmother's address. Mother's Brief at 9-10. Mother directs this Court to the envelope with the "Return to Sender" sticker that Father attached to his

Based on the foregoing analysis, we conclude that Father's substantial failure to comply with our Rules of Appellate Procedure impairs meaningful appellate review and requires that we dismiss his appeal. Even if we were to attempt to reach the merits of Father's appeal, we would affirm the November 5, 2019 order.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/30/2020

---

"Amendment to [Pa.R.A.P.] 1925(b) in Response to the Courts [*sic*] 1925(a)(1) Opinion." She contends that the maternal grandmother's house number is "26522" but that Father wrote the house number incorrectly as "25622," resulting in the correspondence being returned. Mother's Brief at 9. Contrary to Mother's suggestion, the maternal grandmother's house number appears as "25622" throughout the certified record. In fact, Mother herself provided the number as "25622" during a prior custody hearing on December 21, 2018. **See** N.T., 12/21/18, at 154. While Father wrote the maternal grandmother's house number correctly, we observe that the address on the envelope is still incorrect, because it contains the wrong city. It is not clear why Father would have made that mistake, as he recited the address with the correct city during his testimony on April 2, 2019. **See** N.T., 4/2/19, at 4.