J-S07016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| H.D. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | No. 1173 WDA 2020 | |
| D.M. | : | | |

Appeal from the Order Entered October 1, 2020
In the Court of Common Pleas of Armstrong County Civil Division at
No(s):  No. 2017-0357- CIVIL

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                **FILED: MARCH 22, 2021**

Appellant, H.D. ("Mother"), appeals from the October 1, 2020 Order that awarded her shared legal custody and primary physical custody of L.M. ("Child"), subject to periods of partial physical custody by D.M. ("Father"). Upon review, we affirm.

The relevant procedural and factual history is as follows.  Mother and Father are parents to 9-year-old Child.  The parties were married for five years when they separated in February 2017 and Mother filed a Complaint in Divorce the next month.  On August 8, 2018, after a custody trial, the court awarded Mother and Father shared legal custody, Mother primary physical custody, and Father partial physical custody.  Specifically, the court awarded Father physical custody of Child every other weekend and Tuesday night through Thursday morning during the school year, and every other week during the

summer months. In response to concerns regarding the cleanliness of Father's home and allegations that Child's older half-brother, D.M., exhibited some troubling behavior towards Child,[1] the trial court also ordered Father to "address the health and safety issues at his house" and "schedule a risk assessment for D.M. to determine whether he presents a risk of harm to [] Child." Order, 8/8/18.

On October 4, 2019, Mother filed a Petition for Modification of a Custody Order, alleging generally that Mother would provide a more suitable and appropriate environment for Child. On October 18, 2019, Mother filed a Petition for Contempt alleging, *inter alia*, that Father failed to comply with the August 8, 2018 Order requiring him to clean his home and schedule a risk assessment for D.M. On October 25, 2019, Mother filed a Petition for Special Relief averring, *inter alia*, that Child did not like spending time at Father's home, Father's home was unsanitary and had dog feces throughout, Father's dog exhibited aggressive behavior, D.M. continued to pose a risk to Child, Father prevented Child from having phone calls with Mother, Father did not have adequate food in the house, and Father had a new girlfriend who moved into his home with her three children. On the same day, the trial court limited

---

[1] The trial court found that "[t]here was considerable testimony focusing on D.M. and past [sexual] abuse suffered by him at the hands of his mother's ex-boyfriend. The primary concern is that as a result of the abuse, and lack of ongoing counseling or therapy, he does not have [necessary] age-appropriate coping tools []. Therefore, he lashes out, at times toward [] Child." Memorandum, 8/8/18, at 3.

Father's visitation with Child to one two-hour supervised visit per week pending the next hearing.

On November 25, 2019, the trial court reinstated the August 8, 2018 Custody Order, and ordered Father to cooperate with a home evaluation, obtain a risk assessment for D.M., and allow Child to have at least one telephone conversation per day during Father's periods of partial custody.

On February 4, 2020, after a hearing, the trial court denied Mother's Petition for Contempt and, once again, ordered Father to obtain a "written assessment from Family Counseling or another provider as to whether D.M. poses any risk of physical or sexual violence against [Child]. The assessment may be in the form of a letter or other written document." Order, 2/4/20.

On September 25, 2020, the trial court held a custody trial to address Mother's Petition to Modify and Petition for Special Relief. Mother appeared with counsel seeking a custody modification that would revoke Father's visitation with Child on weekdays and eliminate all overnight visits with Child. Father appeared *pro se* seeking shared physical custody of Child every other week. The trial court heard testimony from Mother, Mother's husband ("Stepfather"), the court-appointed guardian *ad litem* ("GAL"), Father, Father's mother, and Father's live-in girlfriend. The court also heard *in camera* testimony from Child and D.M. On October 1, 2020, the trial court issued an Order which kept the existing custody schedule in place.

Mother timely appealed. Both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises the following issue for our review:

Did the trial court commit an error of law and/or abuse its discretion as to the manner in which it weighed and analyzed factors 3, 4, 9, and 10 set forth in 23 Pa.C.S.[] § 5328(a), and thereafter failed to conclude that the best interests of the Child would warrant modification of the custody order in favor of [Mother]?

Mother's Br. at 7.

"We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad." *S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014). This Court must accept the findings of the trial court that the evidence supports. *Id*. Importantly, "[o]n issues of credibility and weight of the evidence, we defer to the findings of the trial judge who has had the opportunity to observe the proceedings and demeanor of the witnesses." *K.T. v. L.S.*, 118 A.3d 1136, 1159 (Pa. Super. 2015) (citation omitted). We can interfere only where the "custody order is manifestly unreasonable as shown by the evidence of record." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citation omitted),

The Custody Act requires a trial court to consider all of the Section 5328(a) custody factors when "ordering any form of custody." 23 Pa.C.S. § 5328(a). A trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." *S.W.D.*, 96 A.3d at 401. *See also* 23 Pa.C.S. § 5323(a) and (d).

When reviewing child custody matters and the trial court's consideration of the Section 5328(a) factors, our paramount concern is the best interests of

the child. ***Saintz*** 902 A.2d at 512. "The best-interests standard, decided on a case-by-case basis, considers all factors which legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being." ***D.K.D. v. A.L.C.***, 141 A.3d 566, 572 (Pa. Super. 2016) (citations omitted).

Mother avers that the evidence of record warrants a modification of custody, and the trial court abused its discretion when it found that four of the Section 5328(a) custody factors favored both parents equally. Mother's Br. at 7, 13-14. Specifically, Mother challenges the trial court's findings concerning custody factors 3, 4, 9, and 10. ***Id***. at 14-22. The statute defines those factors as follows:

> (3) The parental duties performed by each party on behalf of the child.
>
> (4) The need for stability and continuity in the child's education, family life and community life.
>
> * * *
>
> (9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.
>
> (10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

23 Pa.C.S. § 5328(a)(3), (4), (9), (10).

In her Brief, Mother attempts to argue that the evidence in the record does not support the trial court's findings, but her arguments essentially raise challenges to the weight and credibility of the evidence. With respect to factor 3, Mother asserts the trial court unreasonably found that each parent performs

parental duties equally, contending that her testimony reflected a more "detailed and honest" explanation of her performance of parental duties that she performs for Child. Mother's Br. at 17.

With respect to factors 4 and 9, Mother avers that the trial court abused its discretion when it found them to be neutral and argues that the record of evidence favored her. *Id*. at 21, 22. Mother contends that the trial court heard evidence that Father had relocated several times, had multiple paramours, and that his past residences were in deplorable condition, making it impossible for the trial court to "credibly determine" that Father could provide a "clean, safe, and stable environment" for Child. *Id*. at 18-22.

Finally, in her challenge to factor 10, Mother asserts that the trial court overlooked evidence that Father works 80 hours a week when the court determined that both parties are likely to attend to the daily physical, emotional, developmental, educational and special needs of the child. *Id*. at 22.

In its Memorandum, the trial court considered each of the Section 5328(a) custody factors and determined that there was no basis to restrict Father's partial physical custody of Child. The trial court made findings that Father's housing had improved and that D.M. did not pose a risk to Child, opining:

> Overall, Father's living situation has greatly improved since the 2018 custody trial. At that time, Father's house had rubbish and broken glass in it, old food sitting out in the kitchen, torn up carpeting, and dog feces on the floor. In the current trial, there

- 6 -

was no evidence of poor living conditions in Father's house, and [] Child has her own bedroom when she stays over.

In 2018 there was some generalized concerns by the Court and the [GAL] about D.M.'s behavior. That concern was based, in part, on Father's trial testimony in 2018 that D.M. "has all sorts of problems," "doesn't trust women," and "don't like other people." Father did not have a risk assessment performed on D.M. as the [c]ourt ordered him to do on August 8, 2018 and again on February 4, 2020. While the [c]ourt does not excuse Father's noncompliance, more than two years have passed without incident between D.M. and L.M., and the [c]ourt has interviewed D.M. in chambers. There is no reason to believe that D.M. poses a risk of any kind to [Child].

Memorandum at 7-8. The court concluded, "it appears to the [c]ourt that the current custody schedule has worked smoothly for [] Child and there is no need to change it simply for the sake of changing it." *Id*. at 9. Our review of the record supports the trial court's findings.

As stated above, Mother's arguments each challenge the weight of the evidence or the trial court's credibility determinations. Our review of the record belies Mother's claims that the trial court's findings are unsupported in the record, and we decline to reweigh the evidence or usurp the trial court's credibility determinations. Accordingly, Mother is not entitled to relief.

In conclusion, the record supports the trial court's finding that it was in Child's best interest to award the parties shared legal custody, Mother primary physical custody, and Father partial physical custody. Accordingly, we find no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  03/22/2021